500 A.2d 178

Korkut BERIKER, Robert Williams, Robert Beshar, the Beriker Group, Appellees,

v.

PERMAGRAIN PRODUCTS, INC. and Quehanna Corporation, Appellants.

Superior Court of Pennsylvania.

Argued May 22, 1985.

Filed Nov. 8, 1985.

Steven A. Asher, Philadelphia, for appellants.

William G. Scarborough, Philadelphia, for appellees.

Before DEL SOLE, MONTEMURO and BECK, JJ.

DEL SOLE, Judge:

This is an appeal from a Judgment entered in the Court of Common Pleas of Philadelphia, which confirmed an arbitration award of $67,500 made by a panel of arbitrators of the American Arbitration Association. We affirm the Judgment of the trial court.

In 1980, the parties in this case entered into negotiations to set up a business to manufacture polyester marble tile in the United States. Groundwork for the venture was laid: a stock subscription agreement was drawn up, money was advanced, a management contract was executed and so forth. The manufacturing business never materialized beyond these preliminaries, however. In winding matters up a dispute arose between the parties over how much money

was owed by the Appellant (Permagrain) to the Appellees (the Beriker Group). The Appellees submitted a demand for arbitration to the American Arbitration Association in Philadelphia in October, 1983. The Appellant denied that it had agreed to submit disputes to arbitration and brought an equity action in the Court of Common Pleas of Delaware County seeking to enjoin arbitration, claiming there was no agreement to arbitrate. This petition for preliminary injunctive relief was denied by the trial court in Delaware county after a hearing. No appeal from this order was taken by Permagrain, although Pennsylvania Rule of Appellate Procedure 311(a)(4) provides that an appeal as of right may be taken from an order refusing to grant an injunction.

The matter then proceeded to arbitration. Hearings were held, after which the arbitrators determined that the parties did have an agreement to arbitrate disputes and that an award should be made in favor of the Appellees. The arbitrators entered an award in favor of the Beriker Group, in the amount of $67,500 on May 8, 1984. On July 24, 1984, after more than thirty days had elapsed from the date of the award, the Appellees filed a motion to confirm the award. The trial court granted the motion on October 9, 1984. This appeal followed.

The matter is governed by 42 Pa.C.S.A. § 7342(b) which provides:

**(b) Confirmation and judgment.**—On application of a party made more than 30 days after an award is made by an arbitrator under section 7341 (relating to common law arbitration) the court shall enter an order confirming the award and shall enter a judgment or decree in conformity with the order. Section 7302(d)(2) (relating to special application) shall not be applicable to proceedings under this subchapter. 1982, Dec. 20, P.L. 1409 No. 326, art II, § 201, effective in 60 days.

The statute provides upon application of a party made more than thirty days after the award the court *shall* enter

an order confirming the award. In the instant case, no action was taken to modify the award until the Appellant filed an Answer to the Petition to Confirm Arbitration Award on August 24, 1984, more than three months after the arbitrators award of May 4, 1984. The statute clearly provides, however, that any issues a party wishes to raise must be raised within thirty days of the date of the award, since after that time it is mandatory for the trial court to confirm an award upon application of either party. This is in keeping with the thirty day time period for appeals established by the legislature in other types of cases.

The Appellants argue that our decision in *Gaslin, Inc. v. L.G.C. Exports, Inc.*, 334 Pa.Super. 132, 482 A.2d 1117 (1984) stands for the proposition that a party may challenge a common law arbitration award by opposing a motion to confirm. In *Gaslin*, the Appellant challenged the jurisdiction of the arbitrators in his answer to a motion to confirm an arbitrators award as did the Appellant in the instant case, and the *Gaslin* court approved this procedure. This procedure has been changed by the current law which became effective as of February 18, 1983, which reads:

> "the court *shall* enter an order confirming the award and *shall* enter a judgment of decree in conformity with the order." [Emphasis added].

42 Pa.C.S.A. § 7342(b). The use of the word "shall" must be interpreted as mandatory in an instance such as this. *See James F. Oakley, Inc. v. School District of Philadelphia*, 464 Pa. 330, 346 A.2d 765, 767 (1975).

The Appellant had the opportunity to appeal from the order of the Court of Common Pleas of Delaware County which denied its request for a preliminary injunction to enjoin the arbitration and failed to file an appeal. The Appellant failed to challenge the award made by the arbitrators on May 8, 1984 until after the Appellees had moved to have the trial court confirm the award, more than thirty days after it had been entered, and we find that that

challenge came too late. We therefore affirm the judgment of the trial court.

Judgment affirmed.