538 A.2d 883

**ELKINS & CO.**

v.

**William Z. SUPLEE, III, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 5, 1987.

Filed March 7, 1988.

John F. Stoviak, Philadelphia, for appellant.

Edward J. O'Malley, Philadelphia, for appellee.

Before CIRILLO, President Judge, and OLSZEWSKI and JOHNSON, JJ.

JOHNSON, Judge:

This is an appeal from the confirmation of an arbitration award issued by a panel of arbitrators of the New York Stock Exchange. We affirm.

The arbitration award resolved a dispute between the stock brokerage Elkins & Co., a Pennsylvania Limited Partnership, and a former general partner, appellant William Z. Suplee, III, a citizen and resident of Pennsylvania.[1] The

1. Appellant had been a general partner of Elkins & Co. and its predecessor firms, Elkins, Stroud, Suplee & Co. and Suplee–Mosley, since December 12, 1974. Appellant served as a member of the Board of Governors of the Philadelphia Stock Exchange from 1969 to 1984. He was elected to the Board of Governors of the National Association of Security Dealers for a term from 1979 to 1981. As of March 11, 1985, appellant was vice-president of Soliday & Co., Inc., a Philadelphia Stock Exchange member and resident manager of their Media, Pennsylvania office.

Agreement of Limited Partnership provided that disputes between Elkins and appellant were to be arbitrated pursuant to the Constitution and Rules of the Board of Governors of the New York Stock Exchange (NYSE). The partnership agreement, which had been executed in Pennsylvania, stated that it was to be governed by the laws of Pennsylvania.

This dispute arose after appellant terminated his partnership interest in Elkins on June 28, 1981. On March 22, 1982, the executive committee of Elkins voted to charge all partners and former partners, including appellant, for expenses incurred by Elkins attributable to litigation arising from the years 1979–1981. On June 10, 1985, pursuant to the 1981 limited partnership agreement, Elkins filed a demand for arbitration after appellant refused to pay his assessed portion of these losses.[2] On January 23, 1986, a hearing was held in the Stock Exchange Building, 11 Wall Street, in New York City. Both parties were present at the hearing and represented by counsel. The next day, the arbitrators unanimously issued an award directing appellant to pay $15,807.14 to Elkins.[3] When appellant failed to satisfy that award, on May 13, 1986 Elkins filed a Petition to Confirm Arbitration Award in the Court of Common Pleas of Chester County. The Honorable Charles B. Smith, by opinion and order dated April 2, 1987, determined that jurisdiction existed to confirm an award of the New York Stock Exchange. This appeal followed.

■ Appellant first contends that the court of common pleas lacked jurisdiction to confirm an award of arbitrators convening at the New York Stock Exchange and rendered in our sister state of New York. Appellant asserts that there is no enabling statute which grants jurisdiction to a Pennsylvania Court of Common Pleas to enforce, confirm or enter judgment from a foreign arbitration award. Appel-

2. These expenses were itemized in schedules accompanying letters mailed to appellant from the partnership.

3. The arbitration award of $15,807.14 is the sum of the $15,307.14 amount claimed by Elkins plus costs, the $500 arbitration fee charged by the NYSE.

lant, in essence, argues that Pennsylvania courts lack subject matter jurisdiction.

We will, initially, examine the partnership agreement since arbitrability is purely a matter of contract. *Goodwin v. Elkins & Co.*, 730 F.2d 99 (3d Cir.1984). The partnership agreement provides:

> Any controversy arising hereunder will be determined by arbitration pursuant to the Constitution and Rules of the Board of Governors of the New York Stock Exchange.

Partnership Agreement at 31.

In tandem, the Constitution of the New York Stock Exchange also provides:

> *Controversies Arbitrated.* Any controversy between parties who are members, allied members or member organizations and any controversy between a member, allied member or member organization and any other person arising out of the business of such member, allied member or member organization or the dissolution of a member organization, shall at the instance of any such party be submitted for arbitration in accordance with the provisions of this Constitution and such rules as the Board may from time to time adopt.

Constitution of the New York Stock Exchange at Article XI, § 1.

■ The Supreme Court of this Commonwealth as a matter of public policy favors the settlement of disputes by arbitration to promote the swift and orderly disposition of claims. *Waddell v. Shriber*, 465 Pa. 20, 348 A.2d 96 (1975).

In *Waddell*, a case also involving the interpretation of the New York Stock Exchange Arbitration procedures, our supreme court in an opinion by Justice Roberts determined:

> By subscribing to the constitution and the rules of the NYSE, the disputants created a contractual obligation to arbitrate any controversy arising among them.... The constitution and rules of the stock exchange constitute a contract between all members of the exchange with each other and with the exchange itself. Because the constitu-

tion and the rules of the exchange require that members and allied members submit all controversies to arbitration, the parties here, by contracting to abide by these provisions, have agreed to submit their disputes to arbitration.[3] (Citations omitted.)

[3] [H]e did know that he was agreeing to abide by the constitution of the exchange and that his actions as an allied member would be regulated by the exchange. This suffices to bind the parties to the terms of the agreement. Corbin on Contracts § 607.

465 Pa. at 24, 348 A.2d at 100.

Rule 628 of the New York Stock Exchange provides, in pertinent part:

*Awards*

*(a)* All awards shall be in writing and signed by a majority of the arbitrators or in such manner required by law. Such awards may be entered as a judgment in any court of competent jurisdiction.

The Supreme Court of this Commonwealth has determined that the parties may by their agreement to arbitrate provide authority for entering judgment on the award. *Gretz v. Esslinger's Inc.*, 416 Pa. 111, 204 A.2d 754 (1964); *Allegheny Home Improvement Corporation v. Franklin*, 308 Pa.Super. 225, 454 A.2d 103 (1982).

We agree with appellant that no enabling statute grants jurisdiction to a Pennsylvania Court of Common Pleas to confirm this arbitration award. It is superfluous.

The terms of this agreement, incorporating the rules of the NYSE, provide that an award of arbitrators of the New York Stock Exchange may be entered as a judgment in any court of competent jurisdiction. The parties presently before us agreed that arbitration was to be held according to the rules of the New York Stock Exchange; and they agreed to be bound by the result. If appellant allowed this dispute to proceed to arbitration in the belief that he could unilaterally void a binding agreement, he is mistaken.

As we have resolved appellant's claim that Pennsylvania Courts lack subject matter jurisdiction adversely to him, we

will entertain no argument that the Court of Common Pleas of Chester County is not a court of competent jurisdiction.

Appellant further contends the arbitration award should be vacated on four independent grounds: (1) he was denied his due process right to a fair hearing before the arbitration panel; (2) he received a final settlement letter from Elkins which did not refer to the monies sought at arbitration; (3) these expenses were incurred when he was not affiliated with Elkins and pursuant to a partnership agreement to which he was not a signatory; and (4) the litigation from which the charged expenses arose was a result of a breach of fiduciary duty by the Executive Committee of Elkins.[4]

 These contentions require that we next determine the appropriate standard of review. In order to do so, we must establish whether the parties agreed to common law or statutory arbitration. In pertinent part, 42 Pa.C.S. § 7302(a) provides:

> An agreement to arbitrate a controversy on a nonjudicial basis shall be conclusively presumed to be an agreement to arbitrate pursuant to Subchapter B (relating to common law arbitration) unless the agreement to arbitrate is in writing and expressly provides for arbitration pursuant to this statute or any other similar statute....

42 Pa.C.S. § 7302(a).

Having no evidence that the parties, either expressly or by implication, agreed to statutory arbitration, our scope of review will be bound by the common law rules of arbitration. By statute, an arbitration award at common law is binding and may not be vacated or modified absent a clear showing that a party was denied a hearing or that fraud, corruption or other irregularity caused the the issuance of an unjust, inequitable or unconscionable award. 42 Pa.C.S. § 7341.

---

4. Paragraph 18(e) of the partnership agreement, in pertinent part, provides:

> The Executive Committee may in its sole discretion distribute any major loss (which it may define in its sole discretion) on the basis of the Partners" shares of profit and loss for the year to which the Executive Committee shall determine such loss shall be attributed.

■ After a thorough review of this record including the transcript of the arbitration proceedings, we echo the observation of the Honorable Charles B. Smith of the Court of Common Pleas of Chester County, that appellant would have us relitigate the legal and factual arguments he made to the arbitrators. We must remind appellant that in common law arbitration, the arbitrators are the final judges of both law and fact; there is no authority which sanctions *vacatur* of their determinations of either. They are the final arbiters. *Hassler v. Columbia Gas Transmission Corp.*, 318 Pa.Super. 302, 464 A.2d 1354 (1983).

The trial court in its decision followed the reasoning of *L.R. Foy Construction Co. v. Dean L. Dauley and Waldorf Associates*, 547 F.Supp. 166 (D.Kan.1982). The trial court rejected appellant's reliance on 42 Pa.C.S.A. § 7318 and appellant's contention that the arbitration agreement must provide for arbitration in Pennsylvania for jurisdiction to exist. Following *Foy*, the trial court found the statutory jurisdictional requirements to be met by appellant's agreeing to be bound by a procedure that could result in arbitration in Pennsylvania. This finding was grounded on NYSE Arbitration Rule 613 which provides that the situs of arbitration is to be selected by an official of the NYSE. The trial court found arbitration to be at common law and concluded that appellant had not met his burden of proof to vacate the award. While we agree with the trial court that confirmation of the award was proper, we affirm by different reasoning. *Gerace v. Holmes Protection of Philadelphia*, 357 Pa.Super. 467, 516 A.2d 354 (1986).

■ We find this dispute to be governed by 42 Pa.C.S. § 7342(b) which provides:

*(b) Confirmation and judgment.* On application of a party made more than 30 days after an award is made by a arbitrator under section 7341 (relating to common law arbitration) the court *shall* enter an order confirming the award and *shall* enter a judgment or decree in conformity

with the order. Section 7302(d)(2) shall not be applicable to proceedings under this subchapter. (Emphasis added.) 42 Pa.C.S. § 7342(b).

In the case presently before us, no action was taken to modify the award until appellant filed Preliminary Objections, an Answer and New Matter to appellee's petition to Confirm Arbitration on July 11, 1986. Appellant had allowed in excess of five months to elapse from the date the arbitrators issued their award, January 24, 1986, until he challenged the arbitration award. In an earlier case with a similar time lapse prior to the appellant's challenge of an arbitration award, we held that "[t]he use of the word 'shall' must be interpreted as mandatory in an instance such as this". *Beriker v. Permagrain Products, Inc.,* 347 Pa. Super. 102, 104, 500 A.2d 178, 179 (1985). In *Beriker* we held that any issues must be raised within thirty days of the date of the arbitration award. Once thirty days have passed, it is mandatory that the trial court affirm the award upon application of either party. *Id.* Where, as here, appellant failed to challenge the January 24, 1986 arbitration award until July 11, 1986 by responding to appellees Petition to Confirm, in excess of some five months later, the challenge comes too late.

Judgment affirmed.