## NCR Credit Corp. v. Dutchmaid Inc.

*P. Daniel Altland,* for plaintiff.
*Jeffrey D. Wright,* for defendant.

NATALE, *J.,* September 23, 1988 — On July 28, 1976, petitioners, NCR Credit Corporation and NCR Corporation, and respondent, Dutchmaid Inc., entered into a universal agreement entitled "Continuing Agreement For Equipment And Services."

Paragraph 19 of the universal agreement provides, in pertinent part:

"Any controversy or claim, including any claim of misrepresentation, arising out of or related to this agreement and/or any contract hereafter entered into between NCR and customer, or the breach thereof, or the furnishing of any equipment or service by NCR to customer, shall be settled by arbitration."

Subsequent to the execution of the universal agreement, NCR and Dutchmaid entered into three separate financial agreements: (1) Agreement no. AA-2960, dated March 4, 1983; (2) Agreement no. MA-7067, dated June 27, 1984; and (3) Agreement no. BB-0093, dated July 16, 1985.

By notice dated February 20, 1987, NCR made a demand for arbitration under the universal agreement and the three financial agreements. By letter dated March 3, 1987, Dutchmaid informed the American Arbitration Association that it intended to file a counterclaim in the arbitration and included a filing fee. AAA acknowledged the check for the counterclaim by letter dated March 6, 1987. By letter dated April 1, 1987, Dutchmaid filed a counterclaim.

On September 25, 1987, Dutchmaid filed a petition for stay of arbitration in the Dauphin County Court of Common Pleas, docketed at no. 3781 S 1987. On September 25, 1987, Dutchmaid's petition for stay was denied by order of the Honorable John C. Dowling.

On September 29, 30, 1987, the arbitration proceeding was held in Harrisburg, Dauphin County, Pennsylvania, under the rule for commercial arbitration of the American Arbitration Association. As a result of said arbitration, on October 16, 1987, an award in favor of NCR and against Dutchmaid in the amount of $169,000.61, together with continuing interest at the rate of six percent per annum

from October 1, 1987, until paid in full, was rendered. The award also dismissed all counter-claims of Dutchmaid against NCR.

On October 22, 1987, Dutchmaid filed a notice of appeal with the Superior Court appealing Judge Dowling's decision denying Dutchmaid's petition to stay the arbitration proceeding. On December 4, 1987, NCR filed a motion to quash the appeal stating that Judge Dowling's order was not an appealable order. On December 28, 1987, NCR's motion to quash was granted.

On November 25, 1987, NCR filed a petition for confirmation of arbitration award and entry of judgment and served said petition on Dutchmaid initially by certified mail, return receipt requested, and subsequently by sheriff's service on December 30, 1987. Dutchmaid filed an answer and new matter alleging defenses to the petition to confirm on December 10, 1987, to which NCR replied on December 30, 1987. On January 26, 1988 the parties filed a stipulation, wherein it was agreed that paragraphs 13 and 15 of petition for confirmation, paragraphs 13, 15, 20, 21, 22, 26, 27, 28 and 30 of Dutchmaid's answer and new matter to petition, and paragraphs 20, 21, 22, 26, 27, 28 and 30 of NCR's reply to new matter constitute contrary conclusions of law and not averments of fact and therefore are not to be deemed admitted by either party.

## THE ISSUES

(1) Does the initial failure to serve Dutchmaid with the petition for confirmation by sheriff's service require dismissal of the petition?

(2) May Dutchmaid enter defenses to the petition for confirmation of arbitration award and entry of judgment?

## DISCUSSION

### Sheriff's Service

Dutchmaid alleges in its new matter that since NCR initially served the petition to confirm the arbitration award and enter judgment by first class mail rather than sheriff's service, this court has no jurisdiction to hear this matter at this time.

Although NCR admits that the petition to confirm the arbitration award and enter judgment was served by mail, it was sent by certified mail, return receipt requested, which was received by Dutchmaid and its counsel on November 30, 1987. In addition, the petition was subsequently served by sheriff's service on December 30, 1987, thus correcting any defective service. Furthermore, since Dutchmaid filed an answer and new matter to the petition, the issue of defective service has been waived. In *Drury v. Zingarelli*, 198 Pa. Super. 5, 180 A.2d 104 (1962), the court stated that defects in service may be waived by participating in the case. Furthermore, in *Crown Construction Company v. Newfoundland American Insurance Company*, 429 Pa. 119, 239 A.2d 452 (1968), the court stated that defective service is waived if a party files an answer on the merits.

Dutchmaid now argues that the arbitrator had no jurisdiction to hear disputes over financial agreement AA-2960. As the award was not apportioned between the three agreements, the award cannot be confirmed.

The procedural law governing this case is found at 42 Pa.C.S. §7341 et. seq. Section 7341 provides as follows:

"The award of an arbitrator in a non-judicial arbitration which is not subject to subchapter A (relating to statutory arbitration) or a similar statute regu-

lating non-judicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award."

"Irregularity" refers not to the award itself but to the process used in arriving at the award. *Press v. Maryland Casualty Company*, 227 Pa. Super. 537, 324 A.2d 403 (1984). In *Hade v. Nationwide Insurance Company*, 349 Pa. Super. 541, 503 A.2d 980 (1986), overruled on other grounds, *Ostroff v. Keystone Insurance Company*, 357 Pa. Super. 109, 515 A.2d 584 (1986), the court stated that a finding that an arbitration panel considered an issue beyond the scope of the arbitration clause would support a modification of the award on appeal from the arbitrators' decision. Furthermore, whether a given dispute is within the terms of an arbitration agreement is for the court to determine provided the issue is not intertwined with the merits of the claim. *Sharon Steel Corporation v. Jewell Coal and Coke Company*, 735 F.2d 775 (3d. Cir. 1984); *Hassler v. Columbia Gas Transmission Corp.*, 318 Pa. Super. 302, 464 A.2d 1354 (1984).

In view of the foregoing, it is clear that the issue of whether agreement no. AA-2960 is arbitrable is an "other irregularity" which Dutchmaid should have raised in an appeal from the arbitrators' award under section 7341. Dutchmaid could have raised the issue of the arbitrability of financial agreement AA-2960 on appeal in a petition to vacate the award if it had done so before NCR filed its petition to confirm. Dutchmaid did not.

Section 7342(b) provides as follows:

"*Confirmation and judgment*—On application of a party made more than 30 days after an award is

made by an arbitrator under section 7341 (relating to common law arbitration) the court shall enter an order confirming the award and shall enter a judgment or decree in conformity with the order. Section 7302(d)(2) (relating to special application) shall not be applicable to proceedings under this subchapter."

This provision has been interpreted to require Courts of Common Pleas to confirm an award upon application of either party. In *Berker v. Permagrain Products Inc.*, 347 Pa. Super. 102, 500 A.2d 178 (1985), the Superior Court of Pennsylvania stated the following:

"The appellant had the opportunity to appeal from the order of the Court of Common Pleas of Delaware County which denied its request for a preliminary injunction to enjoin the arbitration and failed to file an appeal. The appellant failed to challenge the award made by the arbitrators on May 8, 1984 until after the appellees had moved to have the trial court confirm the award, more than 30 days after it had been entered, and we find that challenge came too late. We therefore affirm the judgment of the trial court." *Id.* at 105-6, 500 A.2d at 179.

In the case at bar, Dutchmaid's challenge also came too late. Accordingly, NCR's petition for confirmation of the arbitration award and entry of judgment is granted and the accompanying order shall issue.

## ORDER

And now, September 23, 1988, for the reasons outlined in the court's opinion, it is hereby ordered and decreed as follows:

(1) The petition for confirmation of arbitration award and entry of judgment is granted.

(2) The prothonotary is hereby directed to enter judgment in favor of NCR Credit Corporation and NCR Corporation in the amount of $169,000.61, together with interest thereon at the rate of six percent per annum from October 1, 1987 continuing until paid in full by respondent, Dutchmaid Inc.