U.S. CLAIMS, INC., Appellee

v.

Keith DOUGHERTY, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 18, 2006.
Filed Nov. 27, 2006.
Reargument Denied Feb. 8, 2007.

Keith Dougherty, appellant, Pro Se.

Lee M. Herman, Media, for appellee. (Submitted)

BEFORE: STEVENS, PANELLA, and JOHNSON, JJ.

## OPINION BY JOHNSON, J.:

¶ 1 Keith Dougherty appeals *pro se* from the trial court's order confirming an arbitration award in favor of U.S. Claims, Inc. (U.S.Claims). Dougherty asserts that the arbitrator lacked jurisdiction, committed various errors of law and erred in denying him a hearing. We find that Dougherty's claims are waived because he did not file a timely petition to modify or vacate the arbitration award. We also conclude that Dougherty's contentions are frivolous and that he pursued this appeal solely for delay. Accordingly, we affirm the trial court's order, but remand for the imposition of attorney fees, costs and damages for delay pursuant to Pa.R.A.P. 2744.

¶ 2 U.S. Claims is in the business of advancing money to injured persons who have asserted legal claims. In exchange for its monetary payments, U.S. Claims receives an interest in the proceeds of the injured party's potential future recovery. After suffering injuries that arose out of a motor vehicle accident, Dougherty instituted an underinsured motorist (UIM) claim against CNA Insurance Company (CNA). On October 24, 2000, Dougherty entered into a Purchase Agreement with U.S. Claims. The Purchase Agreement provided that Dougherty would pay U.S. Claims a specified amount, depending upon the date of payment, from any recovery that he obtained from his UIM claim against CNA. The Purchase Agreement also contained an arbitration clause mandating that any dispute relating to the agreement be submitted to arbitration in accordance with the Rules of the American Arbitration Association (AAA). *See* Purchase Agreement, ¶ 9. The arbitration clause stated that the decision of the arbitrator "shall be valid, binding, final, and non-appealable." *Id.*

¶ 3 On February 20, 2002, Dougherty received an arbitration award in the amount of $165,000.00 for his UIM claim against CNA. On March 28, 2002, U.S. Claims demanded payment from Dougherty for its interest in the proceeds under the Purchase Agreement. When Dougherty refused to pay, U.S. Claims filed a formal demand for arbitration with the AAA. The arbitrator then scheduled a hearing, and at Dougherty's request, rescheduled it for February 11, 2003. Dougherty notified the arbitrator that he would not attend the hearing because he believed that the arbitrator did not have jurisdiction over the matter. On February 11, 2003, the arbitrator conducted a hearing and Dougherty failed to appear. On March 6, 2003, the arbitrator ruled in favor of U.S. Claims in the amount of $35,000.00. By letter dated March 7, 2003, the arbitrator served Dougherty with a copy of the award. Dougherty did not challenge the arbitrator's decision by filing a petition to vacate or modify the arbitrator's award.

¶ 4 Thereafter, Dougherty did not pay U.S. Claims. On April 30, 2003, U.S. Claims filed a Petition to Confirm Arbitration Award in the Chester County Court of Common Pleas. In response, Dougherty, for the first time, attempted to challenge the validity of the arbitration award. On March 15, 2006, the trial court rejected Dougherty's assertions of error and entered an order confirming the arbitration

award in favor of U.S. Claims. In its opinion, the trial court noted that the mandatory language contained in 42 Pa.C.S. section 7342 required it to enter an order confirming the arbitration award, because Dougherty did not contest the arbitrator's award within 30 days of its entry. *See* Trial Court Opinion (T.C.O.), 5/26/06, at 3; 42 Pa.C.S. § 7342(b) ("On application of a party made more than 30 days after an award is made by an arbitrator under section 7341 (relating to common law arbitration) the court **shall** enter an order confirming the award[.]") (emphasis added).

¶ 5 Dougherty now appeals to this Court, raising the following questions for our review:

1. Does a commercial arbitrator have jurisdiction to determine if the contract is legal?

2. If the arbitrator lacks jurisdiction to determine if the contract is legal and proceeds to an ex parte arbitration what legal effect does the award have?

3. Did the court commit an error in law when confirming an award issued in violation of Common Law Arbitration rules, whereas the facts indicate the respondent was denied a hearing?

4. AAA arbitration is governed by the Common Law Arbitration Rules. Common Law Arbitration is subject to review under contract law. Did the court commit an error in law when it confirmed an award whereby the Arbitrator determined the scope of his authority as opposed to a court of Competent Jurisdiction?

5. If the arbitrator determined an illegal contract was valid and proceeded to conduct a hearing without the respondent and thereby denied the respondent a hearing[,] when does the 30 day clock [for purposes of section] 7341.

6. Did the court apply the wrong standard of review? If the nonmoving party responds "the contract lacked legal content[,]" is it not a requirement to at least schedule a hearing to determine if a contract is legal and enforceable before confirming an award?

7. Does ex parte arbitration meet the definition of a hearing?

Brief for Appellant at 5–6.

¶ 6 Preliminarily, we note that the arbitration in this case is a matter of common law arbitration, because paragraph 9 of the parties' Purchase Agreement provides that any disputes arising under the agreement are to be submitted to arbitration under the rules of the AAA and that the arbitrator's decision shall be "valid, binding, final, and non-appealable." *See* 42 Pa.C.S. § 7302(a); *Runewicz v. Keystone Ins. Co.*, 476 Pa. 456, 383 A.2d 189, 191 (1978) (stating that an arbitration clause providing for arbitration pursuant to AAA rules and indicating that the parties are bound by the arbitration decision denotes common law arbitration). Our standard of review of common law arbitration is very limited:

> The award of an arbitrator in a nonjudicial arbitration which is not subject to (statutory arbitration) or [to] a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.

*Sage v. Greenspan*, 765 A.2d 1139, 1142 (Pa.Super.2000) (citation omitted). "The arbitrators are the final judges of both law and fact, and an arbitration award is not subject to reversal for a mistake of either."

*F.J. Busse Co. v. Sheila Zipporah, L.P.,* 879 A.2d 809, 811 (Pa.Super.2005) (citation omitted). "[A] trial court order confirming a common law arbitration award will be reversed only for an abuse of discretion or an error of law." *Prudential Prop. & Cas. Ins. Co. v. Stein,* 453 Pa.Super. 227, 683 A.2d 683, 685 (1996) (citation omitted).

▇ ¶ 7 Before proceeding on the merits of Dougherty's questions, we will first address U.S. Claims's contention that Dougherty waived his right to challenge the arbitrator's award, because he failed to file a timely petition to modify or vacate the arbitration award. Brief for Appellee at 10–14. Section 7342 of Subchapter B, Common Law Arbitration, provides in pertinent part:

### § 7342. Procedure

* * *

**(b) Confirmation and judgment.**—On application of a party made more than 30 days after an award is made by an arbitrator under § 7341 (relating to common law arbitration) the court *shall* enter an order confirming the award and shall enter a judgment or decree in conformity with the order. . . .

42 Pa.C.S. § 7342(b) (emphasis added).

▇ ¶ 8 This Court has consistently interpreted section 7342(b) to require that any challenge to the arbitration award be made in an appeal to the Court of Common Pleas, by filing a petition to vacate or modify the arbitration award within 30 days of the date of the award. *See Sage,* 765 A.2d at 1142; *Lowther v. Roxborough Mem'l Hos.,* 738 A.2d 480, 485 (Pa.Super.1999); *Beriker v. Permagrain Products, Inc.,* 347 Pa.Super. 102, 500 A.2d 178, 179 (1985). A party must raise alleged errors in the arbitration process in a timely petition to vacate or modify the arbitration award or the claims are forever waived. *See Sage,* 765 A.2d at 1142; *Lowther,* 738 A.2d at 488; *Caron v. Reliance Ins. Co.,* 703 A.2d 63, 65 (Pa.Super.1997) ("[A]ny issue related to the arbitrators' decision ... has been waived due to appellant's failure to file a timely petition to vacate, as required by 42 Pa.C.S. § 7314.") (citations omitted).

¶ 9 In this case, the arbitrator rendered his decision in favor of U.S. Claims on March 6, 2003. By letter dated March 7, 2003, Dougherty was served with a copy of the arbitrator's award. Dougherty failed to file a petition to modify or vacate the arbitration award with the Court of Common Pleas within 30 days of the award. In fact, the record reveals that Dougherty did not file a petition to vacate or modify the award at all. Instead, U.S. Claims filed its petition to confirm the award on April 30, 2003, and Dougherty, for the first time, challenged the arbitrator's award by raising his issues in a formal written response to the petition to confirm. We have previously held that a challenge to the validity of an arbitration award asserted for the first time in opposition to a petition to confirm is procedurally inadequate to preserve claims for judicial review. *See Sage,* 765 A.2d at 1142; *Lowther,* 738 A.2d at 486. Therefore, because Dougherty did not file a petition to modify or vacate the arbitration award within 30 days of the award, the seven questions he raises in this appeal are untimely and waived. *See Sage,* 765 A.2d at 1142; *Lowther,* 738 A.2d at 488. As such, the trial court correctly observed that under 42 Pa.C.S. section 7342(b), it was required to confirm U.S. Claims's arbitration award. *See* 42 Pa. C.S. § 7342(b); *Beriker,* 500 A.2d at 179 (holding that party who wishes to raise objections to arbitration award, must do so within 30 days of the award, because after 30 days, the trial court must confirm the arbitration award upon application of either party). Accordingly, the trial court did not abuse its discretion or commit an error of law when it confirmed the award, and thus, we affirm the trial court's order.

¶ 10 Having found Dougherty's questions to be untimely and waived, we now address U.S. Claims's contention that it is entitled to attorney's fees, costs and damages for delay under Pa.R.A.P. 2744. Brief for Appellee at 14–16. Counsel fees, costs and damages for delay may be awarded if this Court "determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant ... is dilatory, obdurate or vexatious." Pa. R.A.P. 2744. "In determining the propriety of such an award, we are ever guided by the principle that an appeal is not frivolous simply because it lacks merit[;][r]ather, it must be found that the appeal has no basis in law or fact." *Menna v. St. Agnes Med. Ctr.*, 456 Pa.Super. 301, 690 A.2d 299, 304 (1997) (citation omitted).

¶ 11 Arbitration agreements are declared by statute to be "valid, enforceable and irrevocable[.]" 42 Pa.C.S. § 7303. "In a proper appeal from a common law arbitration award, the appellant must demonstrate by clear, precise and indubitable evidence that he was denied a hearing, or that fraud, misconduct, or some other irregularity on the part of the arbitrator, or the parties involved, caused an unjust, inequitable or unconscionable award." *Lowther*, 738 A.2d at 486 (citation omitted). "A trial court order confirming a common law arbitration award will be reversed only for an abuse of discretion or an error of law." *Sage*, 765 A.2d at 1142 (citation omitted).

¶ 12 Here, Dougherty has failed to present **any** factual or legal basis to establish that the trial court abused its discretion or committed an error of law when it confirmed the arbitration award. Although Dougherty's brief states seven questions for our review, he advances only two corresponding arguments in the five paragraphs that are found in his three and one-half page "argument" section: (1) he was denied a hearing and (2) the arbitration contract is illegal. *See* Brief for Appellant at 9. Dougherty, however, does not make **any** attempt to explain why or how he was denied a hearing or that the Purchase Agreement is illegal; rather, Dougherty presumes this to be the case.

¶ 13 To support his claim that the purchase agreement is void, Dougherty only provides us with an illustrated example of an illegal and unenforceable contract: a scenario where "a Disgruntled Plaintiff attempted to hire an assassin to dispose of a Common Please [sic] court Judge in response to the Judge allowing an arbitration panel to ignore his prior ruling on a motion in liminie." Brief for Appellant at 7–8. Significantly, we note that in the "factual history" portion of his brief, Dougherty states that "there had been a Motion in limine enter[ed] by Judge Evans of the Dauphin County Common Pleas [Court,]" which the UIM arbitration panel later "ignored." Brief for Appellant at 3. We are unsure whether to construe these statements as an indirect threat or a coincidental hypothetical. Regardless, Dougherty's "example" does not demonstrate how or why the subject matter or consideration of the Purchase Agreement is illegal. Upon review, we are unable to decipher any illegality in the Purchase Agreement and thus conclude that the arbitration clause is valid and enforceable. *See Cerankowski v. State Farm Mut. Auto. Ins. Co.*, 783 A.2d 343, 345 (Pa.Super.2001) (stating that the court can review an arbitration award when the claimant alleges that contract violates public policy, even though the court cannot review the merits of the matter). Therefore, we find that Dougherty's assertion of an illegal contract is frivolous, having no basis in either law or fact.

¶ 14 To support his argument that he was denied a hearing, Dougherty can only emphasize the fact that the arbitrator rendered his decision *ex parte* throughout his

brief. The record, however, demonstrates that Dougherty received ample notice of the hearing and informed the arbitrator that he was not going to attend because he believed that the arbitrator did not have jurisdiction over the matter. *See* AAA Arbitration Hearing, 2/11/03, at 12–15; Dougherty's Letter to AAA, 2/15/03 ("So I would submit until a court of Jurisdiction indicates AAA is the proper forum there is lack of jurisdiction."). As this case involves Dougherty's obligation to make payment under the Purchase Agreement, Dougherty submitted to the jurisdiction of the arbitrator when he agreed to settle all "dispute[s] ... arising under or relating" to the Purchase Agreement "in accordance with the Rules of the American Arbitration Association...." Purchase Agreement, ¶ 9. *See Smith v. Cumberland Group, Ltd.*, 455 Pa.Super. 276, 687 A.2d 1167, 1171 (1997) ("An agreement to arbitrate a dispute is an agreement to submit oneself as well as one's dispute to the arbitrators' jurisdiction."). Moreover, Dougherty was put on sufficient notice of the arbitration hearing and voluntarily chose not to attend. *See Gwin Engineers, Inc. v. Cricket Club Estates Dev. Group*, 382 Pa.Super. 533, 555 A.2d 1328, 1329–30 (1989) (finding that appellant was not denied a hearing when appellant received notice of appellee's intention to arbitrate, contacted appellee's counsel and told him that he was no longer liable, appellant's partner received notice of the time and place of the hearing, but appellant did not). *See also Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) ("The fundamental requisite of due process of law is the opportunity to be heard. This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest.") (citation omitted). In short, the record shows that Dougherty was notified of his opportunity to present evidence and establish a defense, but he alone decided not to. *See McKenna v. Sosso*, 745 A.2d 1, 4 (Pa.Super.1999) (stating that "the right to a fair hearing comprises the right to notice and the right to an opportunity to be heard.") (citation omitted); *Reisman v. Ranoel Realty Co.*, 224 Pa.Super. 220, 303 A.2d 511, 514 (1973) ("[P]articipants in arbitrations are entitled to a full hearing with the opportunity to be heard and to present evidence."). As such, it is Dougherty's (in)action, not the fraud or misconduct of the arbitrator or U.S. Claims, that resulted in an *ex parte* hearing. Consequently, Dougherty's claim that he was "denied" a fair hearing is frivolous, having no basis in either law or fact.

¶ 15 In light of the entirely undeveloped arguments advanced by Dougherty, in conjunction with his total inability to produce any evidence that fraud or misconduct resulted in the denial of a hearing or caused an inequitable award, we conclude that Dougherty's appeal is frivolous. *See Murphy v. Murphy*, 410 Pa.Super. 146, 599 A.2d 647, 654 (1991) ("An appeal is considered 'frivolous' and warrants the award of attorney fees if, either as a matter of fact or law, the appellant's contentions have no likelihood of success. To do otherwise would be to reward an unreasonable prolongation of the contest.") (citations omitted). Additionally, the arguments set forth by Dougherty indicate that this appeal was taken solely to delay payment. "As arbitration proceedings were instituted to provide the parties with a quick and easy mode of obtaining justice, we decline to allow arbitrations to become an unnecessary step in the course of litigation, causing delay and expense, but settling nothing finally." *Gargano v. Terminix Int'l Co.*, 784 A.2d 188, 195 (Pa.Super.2001) (citation and internal quotation marks omitted). Although we do not seek to dissuade parties from appealing a common law arbitration award in good faith, we will

not permit Dougherty to unreasonably extend these proceedings and advance frivolous arguments. *See id.* Therefore, we conclude that U.S. Claims is entitled to attorney's fees, costs and damages for delay under Pa.R.A.P. 2744, even though Dougherty is proceeding *pro se. See First Union Mortgage Corp. v. Frempong,* 744 A.2d 327, 337–38 (Pa.Super.1999) (imposing attorney fees under Pa.R.A.P. 2744 on *pro se* appellant).

¶ 16 For the foregoing reasons, we affirm the order entered and remand to permit the trial court to determine the amount of U.S. Claims's attorney's fees, costs and damages for delay to be awarded.

¶ 17 Order **AFFIRMED.** Case **REMANDED** for calculation and imposition of attorney's fees and costs occasioned by this appeal. Jurisdiction **RELINQUISHED.**