**Taylor-Winfield Corp. v. WS Liquidation Inc.**

*James L. Blomstrom,* for Taylor-Winfield Corp.

*Albert N. Peterlin, Anthony J. Basinski* and *Richard F. Moroco,* for WS Liquidation Inc. and Winner Steel LLC.

ST. JOHN, *J.,* March 31, 2008—Winner Steel Inc. purchased a custom built welding unit for its newly constructed galvanized steel coil production line from the Taylor-Winfield Corporation. Unfortunately, the welding unit did not perform up to expectations and Taylor-Winfield's efforts to bring it into compliance were unsuccessful. Winner Steel submitted a claim to arbitration and was awarded $790,000, plus 6 percent interest and costs, and was permitted to keep the welding unit. Winner Steel, in its petition, is now attempting to confirm

the award, while Taylor-Winfield seeks to vacate or modify the award in its separate petition.[1]

Petitions challenging arbitration awards must be filed within 30 days. The sole issue is what event triggers this 30-day period. Does it commence the day after the last arbitrator signed the arbitration award or when the award is received from the arbitrators by the American Arbitration Association (AAA), or delivered to the parties?

If the 30-day period is triggered by the signature of the last arbitrator, then Taylor-Winfield's petition is untimely. However, its petition would be timely if the appeal period commences after the association received the arbitrators' decision. This court holds that the 30 days begins to run the day after the last arbitrator signed the board's award. Accordingly, Taylor-Winfield's petition is untimely and will be dismissed, and Winner Steel's petition to confirm the award will be granted.

## I. BACKGROUND

Taylor-Winfield designed and manufactured a custom welding system for a new galvanized steel production line at Winner Steel Inc. The parties executed a written contract memorializing this transaction. Disputes arising out of the contract were governed by common-law arbi-

---

1. Winner Steel Inc. is now known as WS Liquidation Inc. and it filed its petition to confirm arbitration award at 2007-3977 on November 19, 2007. Case law prohibits the use of counterclaims or new matters to challenge arbitration awards. See *e.g., U.S. Claims Inc. v. Dougherty,* 914 A.2d 874 (Pa. Super. 2006). Thus, Taylor-Winfield filed its separate petition challenging the award on November 7, 2007 at 2007-3847. These cases were later consolidated with the consent of the parties.

tration through the AAA. The welding unit failed to perform as projected, so Winner Steel submitted its claim for arbitration seeking a refund of the purchase price and other incidental damages.

It is uncontroverted that the final award by the arbitration panel in favor of Winner Steel Inc. was signed by the three arbitrators on consecutive days, October 3, 4, and 5, 2007. The AAA received and electronically transmitted the final award from the arbitrators to counsel for all parties on October 9, 2007. Taylor-Winfield filed its petition to vacate or modify the arbitration award on November 7, 2007.

## II. WHAT TRIGGERS THE COMMENCEMENT OF THE 30-DAY PERIOD TO FILE A PETITION CHALLENGING A COMMON-LAW ARBITRATION AWARD?

Pennsylvania law imposes a 30-day time limit for filing petitions to vacate arbitration awards from both statutory and common-law arbitrations. *Moscatiello v. Hilliard,* 939 A.2d 325, 327 (Pa. 2007). Compare 42 Pa.C.S. §7314(b) (statutory arbitration) with 42 Pa.C.S. §7342(b) (common-law arbitration). A challenge to a statutory arbitration award must be filed "within 30 days after *delivery* of a copy of the award to the [petitioner]." *Id.* at section 7314(b). (emphasis added) The statutory language for challenging a common-law arbitration award (which was enacted two years after section 7314(b)) differs in that it does not expressly state a time frame for challenging an arbitration award. See 42 Pa.C.S. §7342(b).

Instead, section 7342(b) simply provides that upon "application of a party made *more than 30 days after an award is made* by an arbitrator . . . the court shall enter an order confirming the award . . . ." (emphasis added) This statute is silent about the time limit for filing a petition *challenging* a common-law arbitration award.

The Superior Court addressed the issue of the 30-day period for challenging a common-law arbitration award in the case of *Beriker v. Permagrain Products Inc.,* 347 Pa. Super. 102, 500 A.2d 178 (1985). A common-law arbitration award was entered in favor of Beriker, who filed a petition to confirm the award about 80 days later. Permagrain took no action to modify the award until it filed an answer to Beriker's petition to confirm. The *Beriker* court held that Permagrain waived any objections to the arbitration award because it failed to file its own petition challenging the award within 30 days pursuant to section 7342(b).

"The statute clearly provides, however, that any issues a party wishes to raise must be raised within 30 days of the *date* of the award, since after that time it is mandatory for the trial court to confirm an award upon application of either party. This is in keeping with the 30-day time period for appeals established by the legislature in other types of cases." *Id.* at 105, 500 A.2d at 179. (emphasis added)

While this statement by the Superior Court is clearly persuasive authority for the proposition that the date of the common-law arbitration award triggers the 30-day appeal period, it is arguably not binding precedent. The *Beriker* court holding was that all issues raised in the

answer to the petition to confirm the award (which was filed more than 30 days after the award) were waived since they were not preserved by a separately filed and timely challenge to the award. The court was not asked to determine how to calculate the 30-day appeal period.

Since *Beriker,* Superior Court panels have repeated *Beriker's* statement that any challenge to a common-law arbitration award must be made to the court of common pleas, by filing a petition to vacate or modify the award "within 30 days of the *date* of the award." (emphasis added) *U.S. Claims Inc. v. Dougherty,* 914 A.2d 874, 877 (Pa. Super. 2006); *Sage v. Greenspan,* 765 A.2d 1139, 1142 (Pa. Super. 2000); *Lowther v. Roxborough Memorial Hospital,* 738 A.2d 480, 485 (Pa. Super. 1999); *Hall v. Nationwide Mutual Insurance Company,* 427 Pa. Super. 449, 629 A.2d 954, 957 (1993), *appeal denied,* 537 Pa. 623, 641 A.2d 588 (1993); *Beriker v. Permagrain Products Inc.,* 347 Pa. Super. 102, 105, 500 A.2d 178, 179 (1985); and *Elkins & Co. v. Suplee,* 371 Pa. Super. 570, 578, 538 A.2d 883, 887 (1988).[2]

Winner Steel argues, therefore, that the law is well-settled regarding what event triggers the 30-day time frame in section 7342(b). Indeed, each of these opinions

---

2. The rationale behind these decisions is that since an arbitrator's award cannot be confirmed until 30 days have expired after the arbitrator's award, then the legislature was imposing, sub silentio, a requirement that any challenge to a common-law arbitration award must be filed before the expiration of the time period for confirming the award. Obviously, this rule is designed to achieve finality. Otherwise, an award could be challenged at any time.

state that a challenge to a common-law arbitration award must be filed "within 30 days of the *date* of the award." The continuous reference to this proposition over 23 years has at least elevated this principle to a legal standard binding upon lower courts. As a result, this court adopts *Beriker* as binding and/or persuasive authority and as a reasonable interpretation of the plain meaning of section 7342(b); *i.e.,* that the "date" of the award is the triggering event.

While Taylor-Winfield accepts that it had only a 30-day window to file its petition challenging the award, it argues that the 30-day time frame should be calculated from the date of delivery of the award, as in statutory arbitration challenges. Taylor-Winfield urges this court to use October 9, 2007, the date on which the American Arbitration Association notified the parties of the arbitration award, as the triggering date for the 30 days to run. Under this argument, Taylor-Winfield would have filed its petition to vacate or modify an arbitration award on the 29th day.[3] Taylor-Winfield contends that this proposition is supported by *Moscatiello v. Hilliard,* 939 A.2d 325 (Pa. 2007), irrespective of *Beriker.*

Taylor-Winfield's reliance on the *Moscatiello* case is misplaced, however, because the issue in that case was whether the federal time frame should be applied or Pennsylvania's. *Id.* at 327. *Moscatiello* involved a choice of law issue in which the parties agreed in their contract

---

3. The Rules of Civil Procedure require that time is computed to exclude the day of the triggering event and include the last day. If the last day falls on a weekend or legal holiday, the filing deadline is extended to the next business day. Pa.R.C.P. 106(a), (b).

that the rules of arbitration would apply in accordance with the National Association of Security Dealers, which applied the Federal Arbitration Act. The Federal Arbitration Act provided for a 90-day period to challenge an arbitration award, but the parties' contract stipulated that Pennsylvania law would govern. *Id.* at 326. The Pennsylvania Supreme Court held that the 30-day time limit under Pennsylvania law in section 7342(b) does not undermine the federal policy of providing a time limit during which a party may challenge an arbitration award. *Id.* at 329. Accordingly, the court held that Pennsylvania's time limit applied. *Id.* at 330.

The majority noted, "[r]egardless of whether an arbitration agreement provides for arbitration pursuant to the [statutory arbitration] or common law, application of a 30-day time limit for challenging arbitration awards is appropriate." *Id.* (citation omitted) The *Moscatiello* court did not discuss, however, whether the respective triggering events were identical for calculating the 30-day time limit for challenging statutory and common-law arbitration awards. The triggering event was simply a non-issue because the petition was filed about 75 days after the arbitration award. *Id.* at 327. Notably, the Supreme Court did not even refer to *Beriker* and its progeny.

Accordingly, the dates that trigger the 30-day periods under section 7314(b) and section 7342(b) were irrelevant to the ultimate consideration of the *Moscatiello* case, since the date of the award and the date of delivery would both have occurred well over a month before the petition to vacate was ultimately filed by the chal-

lenging party. The Supreme Court's *Moscatiello* decision is not on point with the issue before the court in the instant case.

Taylor-Winfield also argues that since 42 Pa.C.S. §7342(b) is silent as to the day when the 30-day period begins to run, this court could construe it in pari materia with the 42 Pa.C.S. §7314(b) standard for statutory arbitration.[4] While it makes sense that the 30-day periods be calculated the same for both statutory and common-law arbitration challenges, it would require this court to ignore the plain meaning of section 7342(b) and the long-stated legal standard repeated by the Superior Court since 1985.

Moreover, section 7342 was enacted by the legislature two years after section 7314, and several provisions governing statutory arbitration were incorporated also into common-law arbitrations. Curiously absent from the list of statutory arbitration sections incorporated into section 7342, is section 7314 regarding the 30-day appeal period for statutory arbitration. If the General Assembly had intended to have the identical triggering event for the 30-day period to challenge both statutory and common-law arbitrations, it would have enacted similar language in section 7342(b), or simply incorporated section 7314 by reference. Instead the legislature chose to make one time frame start from delivery

---

4. Such an interpretation would support Taylor-Winfield's argument that its challenge was timely, since it filed its petition within 30 days of the delivery of the copy of the award, and 42 Pa.C.S. §7314(b) has the explicit standard of "within 30 days after delivery of a copy of the award to the [petitioner]" for challenging an award.

of the award, and the other start after the award was made. This court cannot ignore this glaring difference and impose its own interpretation, even if it makes more sense.

Taylor-Winfield further attempts to establish the same start dates for both statutory and common-law arbitration challenges by arguing that a common-law arbitration award is not "made" under section 7314(b) until it is delivered to the parties. This argument is specious at best. Winner Steel argues instead that the award is "made" on the date it is signed by the controlling authority. In this case, Winner Steel maintains that the award was "made" when the last arbitrator signed it on October 5, 2007, and that Taylor-Winfield filed its petition untimely on the 33rd day.

The process of making an arbitration award consists of the arbitrators taking testimony and evidence, deliberating, deciding issues, drafting the award, and signing the final award. The process of "making" the award is complete when it is signed by the last arbitrator. Then it is a final award. The remaining functions of depositing the final award with the AAA and delivery of the award to the parties are ministerial acts, not deliberative. Winner Steel's position is consistent with *Beriker* and its progeny.

Other statutes and rules of court contain various time constraints for filing complaints, pleadings and appeals, and are traps for the unwary if not read carefully. For example, appeals from decisions made by a government unit must be filed "within 30 days after the entry of the order from which the appeal is taken . . . ." 42 Pa.C.S. §5571(b) (Purdons 2004). In addition, the "date of serv-

ice of an order of a government unit, which shall be the date of mailing if service is by mail, shall be deemed to be the date of *"entry of the order . . . ."* 42 Pa.C.S. §5572 (Purdons Supp. 2007). (emphasis added)

In contrast, the legislature mandated that certain causes of action filed in courts of common pleas must be submitted to a panel of three attorneys for compulsory arbitration. 42 Pa.C.S. §7361 (Purdons 2007). An aggrieved party was also granted the right to appeal from the arbitration award for a trial de novo with the court, but the authority to establish procedures and time limitations was delegated to the rule-making authority of the Pennsylvania Supreme Court. *Id.* section 7361(d). The Supreme Court has in turn adopted rules governing compulsory arbitration that are instructive here by analogy. See Pa.R.C.P. 1301 through 1313.

Rule 1306 directs the arbitration board to *"make* an award promptly upon termination of the hearing" and to sign the award. (emphasis added) "The award shall be filed with the prothonotary immediately after it is signed." *Id.* Accordingly, the ministerial act of filing the "award" has nothing to do with the "making" of the award which is complete upon execution by the arbitrators. Aggrieved parties can take an appeal from the award by filing a notice of appeal with the prothonotary "not later than 30 days after the day on which the prothonotary makes the notation on the docket that notice of entry of the arbitration award has been" mailed to each party. Pa.R.C.P. 1308(a)(1) and 1307(a)(2), (3).[5]

---

5. See also, Pa.R.C.P. 227.1 for calculating the time for filing post-trial motions, and Pa.R.A.P. 903(a).

Obviously, the triggering event for calculating the running of the 30-day appeal period from compulsory arbitration awards and statutory arbitration awards is very specific, yet very different. Similarly, the time frame for challenging decisions by government units is likewise particular under 42 Pa.C.S. §5572. This court must adhere to the plain meaning of the words in 42 Pa.C.S. §7342(b) and the Superior Court's legal standard, absent an express formula to the contrary in the statute itself for calculating the 30-day appeal period from a common-law arbitration award.

Taylor-Winfield failed to adhere to the deadline as stated by the Superior Court over the past 23 years. The triggering event causing the 30-day period to run here is the date when the award was signed by the last arbitrator, which was October 5, 2007.

Accordingly, October 5, 2007 is the *date* of the arbitration award. Taylor-Winfield had 30 days after that date to file a petition to vacate or modify the arbitration award. However, since its petition was not filed until November 7, 2007, on the 32nd day, it must be dismissed as untimely. Additionally, under the clear and unambiguous language of section 7342(b), this court must enter an order confirming the arbitration award. Accordingly, WS Liquidation's petition to confirm an arbitration award will be granted, and Taylor-Winfield's petition will be dismissed.

Hence this order:

## ORDER

And now, March 31, 2008, for the reasons set forth in the foregoing opinion, petitioner-respondent Taylor-

Winfield Corporation's petition to vacate or modify an arbitration award is hereby dismissed as untimely filed, and respondent-petitioner WS Liquidation Inc.'s petition to confirm an arbitration award is hereby granted.

The arbitrator's final award of October 5, 2007, at case no. 55 181 Y 00158 05 of the American Arbitration Association is hereby confirmed as follows:

A money judgment based on the above-referenced arbitration award is hereby entered at 2007-3977 in favor of WS Liquidation Inc., formerly Winner Steel Inc., and against the Taylor-Winfield Corporation as follows:

| | |
|---|---|
| $790,000 | principal award |
| $126,400 | 6 percent interest per annum on award from February 22, 2005 through October 22, 2007. |
| $86, 745.52 | Winner Steel's filing and administrative fees and compensation of the arbitrators. |
| $1,003,145.52 | Total judgment as of October 22, 2007 with interest to accrue thereafter at a rate of $129.863 per day up to and including the date of payment. |