J-A14002-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| WANDA BASS-BROOKINS AND CHARLES BROOKINS, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRELL D. ABNEY, JOHN DOE ADM. OF ESTATE OF TERRELL D. ABNEY, JOHN DOE 1-10, JOHN DOE CORPORATION 1-10, AND 32ND STREET PUB, INC. | : | No. 2220 EDA 2025 |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: 32ND STREET PUB, INC. | : | |

Appeal from the Order Entered August 20, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  220300311

BEFORE:  DUBOW, J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JUNE 4, 2026**

Appellant, 32nd Street Pub, Inc. ("Pub"), appeals from the August 20, 2025 judgment entered in the Philadelphia County Court of Common Pleas in favor of Appellees, Wanda Bass-Brookins and Charles Brookins, following the arbitration of Appellees' claims against Appellant and the Estate of Terrell D. Abney, Jr., and entry of an order confirming the award.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On March 2, 2022, Appellees filed this action raising claims of negligence and violation of Pennsylvania's Dram Shop statute against Pub and the Estate of Terrell D.

Abney, Jr., after Terrell D. Abeny, Jr., a patron of Pub, shot Ms. Bass-Brookins outside of Pub.

The matter proceeded through litigation, and, prior to trial, the parties agreed to submit the matter to binding arbitration. Following arbitration, on August 8, 2024, the arbitrator found in favor of Appellees and awarded them $237,419.36.

On September 5, 2024, Appellees filed a "Motion to Enter Judgment" with the trial court to confirm the arbitration award and enter judgment in their favor and against Pub. On September 25, 2024, Pub filed an answer in opposition to the motion along with a request to apportion the award between Pub and the Estate of Terrell D. Abney, Jr. On October 2, 2024, Appellees filed a reply in opposition to Pub's request to apportion the award. On October 30, 2024, the arbitrator filed a response to Pub's request for apportionment, seeking to have Pub pay its outstanding portion of the arbitration fee.

On November 20, 2024, the trial court held a hearing to address the parties' various requests for relief. Following the hearing, the court marked Appellees' motion moot without prejudice to refile to allow the arbitrator to amend his award to reflect an allocation among the defendants. On February 3, 2025, the arbitrator entered an amended award, which apportioned the arbitration award evenly between the defendants.

More than three months later, on May 23, 2025, Appellees filed a "Second Motion to Enter Judgment" to confirm the arbitration award and enter judgment in Appellees' favor and against Pub. On June 12, 2025—more than

four months after the arbitrator entered his amended award—Pub filed its opposition to Appellees' "Second Motion to Enter Judgment" on the arbitration award. Appellees' filed a reply to Pub's opposition on June 18, 2025.

On July 10, 2025, the court held a hearing on Appellees' motion to enter judgment, after which it held the motion under advisement to permit the parties to submit proposed orders. Only Appellees submitted a proposed order.

On August 20, 2025, the trial court granted Appellees' second motion to enter judgment in Appellees' favor and against Pub.

This appeal followed. Both Pub and the trial court complied with Pa.R.A.P. 1925.

Pub raises the following issue on appeal:

Did the lower court abuse its discretion in granting [Appellees'] second motion for a judgment confirming the arbitration award in [Appellees'] favor against [Pub] where no precedent under Pennsylvania law holds that a pub can be held liable for an accidental shooting outside the pub on a public street when the pub had no knowledge the patron was armed, and there were no prior instances of shootings or other violent acts by the patron or any other?

Pub's Br. at 2.

Before we reach the merits of this issue, we must consider whether Pub has preserved it our review.

Confirmation of common law arbitration awards is governed by § 7342(b), which provides as follows:

**(b) Confirmation and judgment.**--On application of a party made more than 30 days after an award is made by an arbitrator

- 3 -

under section 7341 (relating to common law arbitration), the court shall enter an order confirming the award and **shall** enter a judgment or decree in conformity with the order.

42 Pa.C.S. § 7342(b) (emphasis added). In conformity with this language, confirmation of an award pursuant to § 7342(b) is "**mandatory**" after "thirty days ha[ve] passed from the setting of the award." *Riley v. Farmers Fire Ins. Co.*, 735 A.2d 124, 130 (Pa. Super. 1999) (emphasis added).

This Court has also "consistently interpreted [Section] 7342(b) to require that any challenge to the arbitration award be made in an appeal to the Court of Common Pleas, by filing a petition to vacate or modify the arbitration award within [thirty] days of the date of the award." *U.S. Claims, Inc. v. Dougherty*, 914 A.2d 874, 877 (Pa. Super. 2006); *see also* 42 Pa.C.S. § 7321.24(b) (providing that a motion to vacate an arbitration award "must be filed within 30 days after the movant receives notice of the award . . . unless the movant alleges that the award was procured by corruption, fraud[,] or other undue means"). We have interpreted Section 7342(b) "to mean that the trial court is **required** to confirm the [arbitration] award unless the other party has filed a petition to vacate or modify the award within 30 days of the date of the award." *Civan v. Windermere Farms, Inc.*, 180 A.3d 489, 499 (Pa. Super. 2018) (emphasis added).

In addition, it is well-established that a "challenge to the validity of an arbitration award asserted for the first time in opposition to a petition to confirm is procedurally inadequate to preserve claims for judicial review." *U.S. Claims, Inc.*, 914 A.2d at 877.

- 4 -

In the instant case, the arbitrator entered the amended arbitration award in Appellees' favor on February 3, 2025. Pursuant to the foregoing authority, Pub had thirty days from February 3, 2025, to file a motion to vacate or modify the amended arbitration award. Pub, however, did not do so, and its time in which to act expired on March 5, 2025. On May 23, 2025, Appellees filed their "Second Motion to Enter Judgment" to confirm the arbitration award. On June 12, 2025, Pub filed a response in opposition to the motion, which, as explained above was not only more than 30 days after entry of the arbitration award, but was also "procedurally inadequate to preserve [Pub's] claims for judicial review." *U.S. Claims, Inc.*, 914 A.2d at 877.

Following our review, we conclude that, in light of Pub's failure to file a motion to vacate or modify the arbitration award within thirty days of the award's entry, Pub has not preserved any claims for appellate review. Accordingly, we affirm the order of the trial court confirming the arbitration award in Appellees' favor.

Order affirmed. The prothonotary is directed to strike this case from the June 15, 2026 argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/4/2026

- 5 -