J-A20032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JFT CORPORATION, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| NEWTEL PAYPHONE OPERATIONS, INC. | : | |
| AND JOHN CORY, | : | |
| | : | |
| | : | |
| Appellees | : | No. 3087 EDA 2013 |

Appeal from the Judgment entered on October 4, 2013
in the Court of Common Pleas of Lehigh County,
Civil Division, No. 2010-C-2441

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:　　　　　**FILED AUGUST 20, 2014**

JFT Corporation ("JFT") appeals from the Judgment entered against it and in favor of Newtel Payphone Operations, Inc., and John Cory ("Cory") (collectively referred to as "Defendants").  We affirm.

In 2009, JFT entered into an Agreement of Sales of Assets ("Agreement") to sell a business to Defendants for a total sale price of $305,800.  As part of the Agreement, Defendants agreed to pay a partial payment of $150,000, leaving a balance of $158,800.  Defendants failed to pay the balance.

In May 2010, JFT filed a Complaint against Defendants to recover the remaining $158,800.  In July 2010, Defendants filed Preliminary Objections, asserting that all claims must be submitted to arbitration.

On February 4, 2011, the trial court entered an Order requiring JFT to submit claims against Defendants to arbitration. As the parties were unable agree on an arbitrator, the Order also included the names of three potential arbitrators, and directed that each party was permitted to strike one of those individuals. By Orders entered in March and August 2011, the trial court referred the case to Joseph D'Amico ("Arbitrator") as arbitrator, and ordered that John Tornese ("Tornese"), JFT's sole proprietor, be added as an indispensable party.

The Arbitrator, after reviewing thousands of documents, depositions, and other evidence submitted by the parties, issued a decision in favor of Defendants on February 8, 2013, without holding a hearing. JFT filed a Motion to Vacate, which the trial court denied on May 20, 2013. On October 4, 2013, upon Praecipe by JFT, Judgment was entered against JFT. JFT filed a Notice of Appeal on October 10, 2013.[1] JFT filed a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Matters Complained of on Appeal.

On appeal, JFT raises the following questions for our review:

I. Whether [] the failure of the Clerk of [Courts] to serve [] Tornese with the Order of May 20[, 2013] makes the appeal timely filed?

II. Whether [] the trial court erred in its Order of February 4, 2011[,] by *sua sponte* creating a [hybrid] arbitration forum which was not agreed to by the parties?

---

[1] Tornese did not join the Motion to Vacate or the Notice of Appeal.

III. Whether [] this matter should [] have been submitted to arbitration?

IV. Whether [] the trial court's condonation of the [A]rbitrator's [decision] not to give [JFT] a hearing[,] but to allow the [A]rbitrator to decide the case on [Cory's] *pro se* [] voluminous e-mails[,] violated both the statutory procedure and due process requirements of our state and federal constitutions?

V. Whether [] the trial court condoned multiple [irregularities] within the arbitration process which suggested bias by the [A]rbitrator?

Brief for Appellant at 2 (issues renumbered for ease of disposition).

Our standard of review of common law arbitration is limited:

The award of an arbitrator in a nonjudicial arbitration which is not subject to statutory arbitration or to a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that the party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award. The arbitrators are the final judges of both law and fact, and an arbitration award is not subject to reversal for a mistake of either. A trial court order confirming a common law arbitration award will be reversed only for an abuse of discretion or an error of law.

***U.S. Claims, Inc. v. Dougherty***, 914 A.2d 874, 876 (Pa. Super. 2006) (citations omitted).

As an initial matter, we note that the trial court Opinion questions the timeliness of JFT's appeal. Specifically, the trial court states that JFT appeals from the Order of May 20, 2013, in which the trial court denied JFT's Motion to Vacate. Trial Court Opinion, 11/6/13, at 1. The trial court states that the appeal is untimely because JFT did not file a Notice of Appeal until October. ***Id.***

- 3 -

In its first claim, JFT argues that Tornese was not served with the Order of May 20, 2013, and that the Notice of Appeal was therefore timely filed within 30 days of Tornese's receipt of the adverse decision. Brief for Appellant at 7. However, the Order denying JFT's Motion to Vacate was not the final, appealable order in this case. *See Seay v. Prudential Prop. & Cas. Ins. Co.*, 543 A.2d 1166, 1168 (Pa. Super. 1988) (stating that under the Arbitration Act, arbitration awards must be reduced to judgment before they may be appealed). In this case, final judgment was entered on October 4, 2013. Thus, JFT's Notice of Appeal, filed on October 10, 2013, was timely. *See* Pa.R.A.P. 903(a).

We will address the second and third claims together, as they both regard the arbitration process. In its second claim, JFT contends that Defendants refused to implement the prescribed method of appointment of arbitrators due to the expense involved. Brief for Appellant at 8; *see also id.* at 12-13 (wherein JFT asserts in its third claim that the arbitration provision of the Agreement should not have been enforced because Defendants violated the terms of the provision by appointing an arbitrator through a method other than that prescribed by the Agreement). Further, JFT claims that it did not agree to the procedure ordered by the trial court, which ultimately required JFT to pay the Arbitrator for issuing a decision without conducting a hearing. *Id.* at 8.

The relevant arbitration provision of the Agreement states as follows:

Any dispute or difference arising out of or in connection with this contract shall be determined by the appointment of a single arbitrator to be agreed between the parties, or failing agreement within fourteen days, after either party has given to the other a written request to concur in the appointment of an arbitrator, by an arbitrator to be appointed by the President or a Vice President of the Chartered Institute of Arbitrators.

Agreement of Sale of Assets, 10/16/09, at 8.

Here, the trial court sets forth the relevant law regarding common law arbitrations, as well as an analysis of the Agreement, and the choice of Arbitrator. *See* Trial Court Opinion, 2/4/11, at 2-4 n.1. The trial court determines that JFT's claims are without merit, and we adopt its sound reasoning for the purpose of this appeal. *See id.* As an addendum, we note that JFT specifically requested that the trial court name three potential arbitrators and allow each party to strike one. *Id.* at 5. Defendants did not object to this procedure. *Id.* Thus, because the parties agreed to Arbitrator, Defendants did not violate the terms of the Agreement.

In its fourth claim, JFT contends that the Arbitrator's decision not to hold a hearing violated statutory procedure and the due process requirements of both the Pennsylvania and United States constitutions. Brief for Appellant at 8. Specifically, JFT argues that Pennsylvania statutory law requires that parties to an arbitration have the opportunity to be heard, and that this right was violated when the Arbitrator made a decision without a hearing. *Id.* at 9-10. JFT also argues that the denial of a hearing, without

the parties waiving that right, violated due process under the Pennsylvania Constitution. *Id.* at 10-12.

The trial court addressed the fourth claim in its May 20, 2013 Order Denying Motion to Vacate as follows:

> The record evidence, including correspondence from [JFT's] counsel to the [A]rbitrator, demonstrates that all parties were in agreement as to the procedure for the presentation of evidence necessary for the [A]rbitrator to render a final decision on the merits. More specifically, through email communication dated January 15, 2013, the [A]rbitrator [] provided for a timetable for any supplementation of the record and, via email dated February 8, 2013, made it clear that a decision based on the extant record would be issued. [] The [trial] court, having had the opportunity [to] observe the parties directly at hearing in this matter, does not find credible the assertion that notwithstanding the foregoing agreed-upon procedure, further testimony was nonetheless contemplated. As such, [JFT] has not demonstrated that it was deprived of a hearing; rather, [a hearing] was waived through an agreed-upon procedure. Accordingly, [JFT] has failed to satisfy the high threshold necessary for overturning a common-law arbitration award. [*See*] 42 Pa.C.S.[A. §] 7341.

Order Denying Motion to Vacate, 5/20/13. We agree with and adopt the sound reasoning of the trial court on this matter. *See id.* Based on the record, JFT has not demonstrated that further testimony was necessary to render a decision in this case. Thus, its fourth claim is without merit.

In its fifth claim, JFT argues that the trial court allowed several irregularities during the arbitration process, which suggested bias by the

- 6 -

Arbitrator.[2]   Brief for Appellant at 13.   JFT claims that the Arbitrator incorrectly allowed Cory to represent his own company during arbitration. *Id.* at 13-14.   JFT also avers that the Arbitrator testified against Tornese, violating Rule 30 of the Judicial Arbitration and Mediation Services, Inc. ("JAMS"),[3] and showed bias in favor of Defendants.[4]   *Id.* at 14-15.

Here, JFT has failed to demonstrate that Cory acted as the Defendants' attorney during the arbitration proceedings.   Further, with regard to Rule 30, the record does not demonstrate that the parties agreed that the rules of JAMS would control in the arbitration, so Rule 30 is not applicable to this case.   Moreover, the Arbitrator's testimony as a witness in the defamation case does not establish bias in this case.   Thus, JFT's final claim is without merit.

Judgment affirmed.

---

[2] JFT raises several additional one-sentence claims without providing any pertinent analysis or citation.   **See** Pa.R.A.P. 2119(a) (requiring each argument to be supported by discussion and citation of pertinent authorities).   These claims are waived on appeal. **See J.J. DeLuca Co. v. Toll Naval Assocs.**, 56 A.3d 402, 411 (Pa. Super 2012) (stating that claims are waived where an appellant does not develop an argument or cite to any authority to support the claim).

[3] JAMS Rule 30 states that the Arbitrator may not be an expert in any case relating to the dispute that is the subject of arbitration.

[4] The Arbitrator was involved with an unrelated action between Cory and Tornese, concerning a defamation claim that arose out of an email Cory had sent to the Arbitrator during the arbitration proceedings at issue in this case. Brief for Appellees at 15.  The Arbitrator was a necessary witness, as he had received the original email.   **Id.**   The case proceeded to compulsory arbitration, where the panel awarded Tornese $1.00 in damages.   **Id.**

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/20/2014</u>