2023 PA SUPER 65

| E. ALLEN REEVES, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OLD YORK, LLC AND | : | |
| METROPOLITAN PROPERTIES OF | : | |
| AMERICA, INC. | : | No. 1116 EDA 2022 |
| | : | |
| APPEAL OF: OLD YORK, LLC | : | |

Appeal from the Judgment Entered March 7, 2022
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2017-27160

BEFORE:   KING, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                    **FILED APRIL 13, 2023**

Old York, LLC ("Old York") appeals from the judgment entered in favor of E. Allen Reeves, Inc. ("Reeves") pursuant to an order of the Court of Common Pleas of Montgomery County confirming an arbitration award. After careful review, we affirm.

In July 2015, Reeves entered a contract with Old York in which Reeves would serve as general contractor for the Colonade Amenities Building project ("the Project") in Jenkintown. Reeves completed work on the Project on August 8, 2016.

On February 27, 2017, Reeves filed for Chapter 11 bankruptcy in the U.S. Bankruptcy Court in the Eastern District of Pennsylvania. After Reeves's bankruptcy filing, Old York stopped payment on its final deposit in Reeves's

_____

[*] Former Justice specially assigned to the Superior Court.

bank account. Old York refused to pay Reeves the $66,133 balance of the total project cost, which was approximately $1.3 million. The bankruptcy court confirmed Reeves's bankruptcy plan in September 2017.

On November 17, 2017, Reeves filed a complaint seeking recovery of the unpaid invoices as well as penalties and attorneys' fees under Section 12 of the Contractor and Subcontractor Payment Act (CASPA), 73 P.S. § 512.[1]

On December 11, 2017, Old York filed preliminary objections raising two grounds for relief. First, Old York argued that bankruptcy law required Reeves to assume all executory contracts it wished to pursue before the bankruptcy court. Reeves had not identified the parties' contract as an executory contract with material obligations left unfinished. As such, Old York claimed Reeves lacked standing to sue under the contract. Second, Old York claimed the parties' contract required all disputes to be submitted to binding arbitration.

On January 2, 2018, Reeves filed an answer, conceding the dispute was subject to arbitration and requesting that the trial court stay the case pending arbitration. However, Reeves disputed that it lacked standing, asserting that the parties' contract was not executory as Reeves had completed work on the Project before filing for bankruptcy. Thus, Reeves argued it was not required to assume the contract before the bankruptcy court.

---

[1] Reeves brought his complaint against both Old York and Metropolitan Properties of America, Inc., Old York's management company. As discussed *infra*, the arbitrator ultimately entered an award in favor of Reeves against Old York. As Metropolitan is not a party to this appeal, we will limit our discussion to Old York's defense in this case.

Old York filed a response, arguing Reeves that had not performed all of its material obligations as Reeves had not paid its subcontractors and suppliers in full or provided Old York with lien waivers and warranties. Old York indicated that the parties' contract did not require Old York to make a final payment until Reeves provided satisfactory evidence that all subcontractors had been paid and that there were no claims, obligations, or liens remaining.

On February 6, 2018, the trial court signed a form order provided by Reeves staying the case pending arbitration and overruling the preliminary objections. The order did not discuss whether Reeves had standing to sue.

Thereafter, the parties proceeded to the arbitration of Reeves's claim along with a counterclaim filed by Old York. On December 6, 2019, the arbitrator entered an award in favor of Reeves and against Old York for the amount due along with interest (as set forth in the contract) as well as penalties and attorneys' fees (pursuant to CASPA), totaling $159,941.78. The trial court also awarded Old York $5,500 on its counterclaim. As a result, the arbitrator's total net award to Reeves was $154,441.78. After Reeves filed an application for modification of the award on December 16, 2019, the arbitrator entered a modified order on January 8, 2020.[2]

Old York filed motions to vacate the arbitration award, raising the sole argument that the parties' contract provided that the arbitrator did not have authority to award penalties and attorneys' fees to either party. The trial court

---

[2] The January 8, 2020 order simply clarified the breakdown of the December 16, 2019 order, but did not make any modifications to the award.

- 3 -

denied the motions, finding the arbitrator had authority under CASPA to award penalties and attorneys' fees notwithstanding the language in the contract.

On November 20, 2020, Reeves filed a petition to confirm the arbitration award and requested the entry of judgment with additional interest, penalties, and attorneys' fees under CASPA. The trial court entered an order indicating that a hearing would be held after the completion of "discovery, if any."

On February 16, 2021, Old York served Reeves with a notice of deposition of Reeves's corporate designee and a request for production of documents. On February 24, 2021, Reeves filed a motion for a protective order seeking to prevent Reeves from having to respond to Old York's discovery request. On April 22, 2021, the trial court issued an order indicating Reeves would only be required to provide the documents it would introduce as evidence to seek damages beyond those imposed by the arbitrator.

At a hearing on the petition to confirm on May 26, 2022, Old York attempted to challenge Reeves's standing on two grounds. First, Old York claimed for the first time that bankruptcy law required Reeves to file this action and arbitration in the name of Robert N. Reeves, Jr., the disbursing agent appointed by the bankruptcy court, not Reeves, LLC. Second, Old York again claimed that Reeves's failure to assume the contract before the bankruptcy court led to a lack of standing. Further, Old York reiterated its claim that Reeves was not entitled to recover post-award attorneys' fees under CASPA.

Upon learning that Old York intended to raise these claims before the bankruptcy court, the trial court stayed proceedings on the petition to give

the parties the opportunity to "seek any appropriate relief from the Bankruptcy Court." After Old York sought relief in the bankruptcy court, Reeves filed a "Motion to Dismiss the Adversary Complaint." On December 6, 2021, the Bankruptcy Court issued an order noting that it abstained from hearing this matter and dismissed the Adversary Case, citing comity with state courts and respect for state law.

On March 7, 2022, the trial court granted Reeves's petition to confirm the arbitration award and entered judgment for Reeves and against Old York in the amount of $216,155.42. This total included the arbitration award and additional interest, penalties, and attorneys' fees under CASPA. Old York filed this appeal and complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Old York presents the following issues for review:

1. Whether the lower court erred in overruling Old York's preliminary objections challenging [Reeves's] standing to pursue the underlying action, without a hearing or discovery, notwithstanding [Reeves's] inconsistent and conflicting allegations in its bankruptcy proceedings?

2. Whether the lower court erred in granting [Reeves's] motion for protective order where the lower court, by order, contemplated that the parties would engage in discovery in connection with [Reeves's] petition to confirm, Old York issued limited discovery requests to [Reeves] targeting the issues raised in the Petition to Confirm and response thereto, and granting the Motion for Protective Order impaired [Reeves's] ability to defend against the Petition to Confirm?

3. Whether the lower court erred in holding that the arbitrator did not exceed her scope of authority by awarding attorney's fees as part of an arbitration award when the parties' construction contract specifically precluded the arbitrator from doing so?

- 5 -

4. Whether the lower court erred in determining that the amendment to Section 503 of the Pennsylvania Contractor and Subcontractor Payment Act, 73 P.S. § 501, *et seq.* ("CASPA") prohibiting a waiver of penalties should apply retroactively to previously executed construction contracts or that the prohibition precluded contracting parties from limiting the venue for claims for such penalties?

5. Whether the lower court erred in awarding attorney's fees purportedly incurred by [Reeves's] bankruptcy counsel in its March 7, 2022 order granting the petition to confirm, where such fees were not incurred in the prosecution of [Reeves's] collection action?

Old York's Brief, at 5-6 (issues reordered for ease of review).

As a preliminary matter, we must decide which principles of arbitration apply to the case at bar.

Chapter 73 of the Pennsylvania Judicial Code governs statutory, common law and judicial arbitration. Section 7301-7320 of Subchapter A apply to statutory arbitration proceedings and are known collectively as the Pennsylvania Uniform Arbitration Act ("UAA"). Section 7341 and 7342 of Subchapter B apply to common law arbitration proceedings. Whether an arbitration agreement is subject to the UAA (Sections 7301-7320 of Subchapter A) or common law (Sections 7341-7342 of Subchapter B) arbitration principles depends on whether the agreement is in writing and expressly provides for arbitration under the UAA. Absent an express statement in the arbitration agreement, or a subsequent agreement by the parties which calls for the application of the UAA statutory provisions in Subchapter A, an agreement to arbitrate is conclusively presumed to be at common law and subject to the provisions of Subchapter B.

**Sage v. Greenspan**, 765 A.2d 1139, 1141 (Pa.Super. 2000) (citations omitted).

This Court has held that an arbitration clause providing for binding arbitration pursuant to the American Arbitration Association (AAA) signifies common law arbitration. **U.S. Claims, Inc. v. Dougherty**, 914 A.2d 874, 876

(Pa.Super. 2006) (citing 42 Pa.C.S.A. § 7302(a); **Runewicz v. Keystone Ins. Co.,** 383 A.2d 189, 191 (Pa. 1978)). In this case, the parties' contract states that the parties shall resolve disputes through arbitration "administered by the American Arbitration Association, in accordance with the Construction Industry Arbitration Rules in effect on the date of this agreement." **See** Contract, §§ 5.1, 21.4. Thus, this case is a matter of common law arbitration.

In its first issue, Old York claims the trial court erred in overruling its preliminary objections to the initial complaint in which Old York argued that Reeves did not have standing to sue on the contract as it had not assumed the parties' contract before the bankruptcy court. While Old York admits that the parties' contract contained a valid arbitration clause, Old York suggests that the trial court should have held a hearing or allowed discovery to develop the standing claim before sending the case to arbitration.

However, Old York failed to preserve this issue for our review. Section 7342 of Subchapter B, Common Law Arbitration, provides in pertinent part:

> **(b) Confirmation and judgment.**—On application of a party made more than 30 days after an award is made by an arbitrator under § 7341 (relating to common law arbitration) the court *shall* enter an order confirming the award and shall enter a judgment or decree in conformity with the order....

42 Pa.C.S.A. § 7342(b) (emphasis added).

Based on this language,

> [t]his Court has consistently interpreted section 7342(b) to require that any challenge to the arbitration award be made in an appeal to the Court of Common Pleas, by filing a petition to vacate or modify the arbitration award within 30 days of the date of the award. **See Sage**, 765 A.2d at 1142; **Lowther v. Roxborough**

> ***Mem'l Hos.***, 738 A.2d 480, 485 (Pa.Super.1999); ***Beriker v.
> Permagrain Products, Inc.***, 347 Pa.Super. 102, 500 A.2d 178,
> 179 (1985). A party must raise alleged errors in the arbitration
> process in a timely petition to vacate or modify the arbitration
> award or the claims are forever waived. ***See Sage***, 765 A.2d at
> 1142; ***Lowther***, 738 A.2d at 488; ***Caron v. Reliance Ins. Co.***,
> 703 A.2d 63, 65 (Pa.Super.1997) ("[A]ny issue related to the
> arbitrators' decision ... has been waived due to appellant's failure
> to file a timely petition to vacate, as required by 42 Pa.C.S. §
> 7314.") (citations omitted).

***Dougherty***, 914 A.2d at 877.

It is well-established that "in Pennsylvania, whether a party has standing to maintain an action is not a jurisdictional question. Thus, an issue relating to standing is subject to waiver." ***Commonwealth v. Fields***, 197 A.3d 1217, 1225–26 (Pa.Super. 2018) (citations omitted). ***See also In re Estate of Brown***, 30 A.3d 1200, 1204 (Pa.Super. 2011) (citation omitted) (finding the issue of standing may be waived "if not objected to at the earliest possible opportunity").

As noted above, Old York's preliminary objections alleged that Reeves lacked standing but also indicated the parties agreed to resolve their disputes through arbitration. After Reeves conceded the parties' contract contained a valid arbitration clause, the trial court stayed the case pending arbitration and overruled Old York's preliminary objections without any discussion of the standing claim. Thereafter, the parties proceeded to arbitration. After a full hearing, the arbitrator entered an award in favor of Reeves.[3]

---

[3] The arbitration hearing was not transcribed. However, Old York averred that it raised the standing issue before the arbitrator at the hearing.

Old York's subsequent motion to vacate the arbitration award was limited to its claims that the arbitrator erred in awarding Reeves penalties and attorneys' fees. Old York did not challenge the trial court's decision to send the case to arbitration without expressly ruling on Old York's standing claim nor claimed the arbitrator erred in entering an award in Reeves's favor despite Old York's standing claim.

Instead, Old York waited to raise these claims until after the trial court denied its petition to vacate the arbitration award and Reeves filed a petition to confirm the award. Old York then attempted to challenge Reeves's standing at a hearing on the petition to confirm on the basis that Reeves had failed to assume the contract in bankruptcy court. In addition, Old York raised a completely new standing claim based on its allegation that Reeves failed to bring this action in the name of the proper party.

However, "a challenge to the validity of an arbitration award asserted for the first time in opposition to a petition to confirm is procedurally inadequate to preserve claims for judicial review." *Dougherty*, 914 A.2d at 877 (citing *Sage*, 765 A.2d at 1142; *Lowther*, 738 A.2d at 485).

In this case, the trial court had no opportunity to address Old York's claims of error on the issue of standing as Old York failed to preserve either of its arguments on standing in its petition to vacate the arbitration award. Accordingly, Old York's challenges to Reeves's standing, raised in response to Reeves's petition to confirm the arbitration award, are untimely and waived.

In its second issue, Old York claims the trial court erred in relieving Reeves from complying with its discovery requests where the lower court, by order, contemplated that the parties would engage in discovery in connection with Reeves's petition to confirm the arbitration award.

However, as previously discussed, Old York was seeking discovery in an attempt to develop its claim that Reeves lacked standing, a claim which should have been previously raised in the petition to vacate the arbitration award. Consistent with our finding above that Old York failed to preserve its standing argument in the petition to vacate the award, the trial court correctly entered a protective order providing that Reeves was only required to provide Old York with documents it would introduce as evidence in support of its request for additional interest, attorneys' fees, and penalties in the petition to confirm. Thus, Old York is not entitled to relief on this claim.

In its third and fourth issues, Old York claims the trial court erred in finding the arbitrator did not exceed her scope of authority by awarding Reeves attorneys' fees and penalties pursuant to CASPA. In reviewing an arbitration award, our standard of review is limited as:

> the law favors non-judicial dispute resolution that the parties have agreed to. Alternate dispute resolution is economical in terms of time, expenditure of judicial resources and transactional costs. Limited judicial review also imposes finality in a contested matter. To permit anything but limited judicial review defeats the purpose of ...arbitration.

*F.J. Busse Co. v. Sheila Zipporah, L.P.*, 879 A.2d 809, 811 (Pa.Super. 2005) (quoting *Boulevard Associates v. Seltzer Partnership*, 664 A.2d 983, 987 (Pa.Super. 1995) (citation omitted)).

Thus, our standard of review is very limited:

[t]he award of an arbitrator in a nonjudicial arbitration which is not subject to statutory arbitration or to a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.

42 Pa.C.S.A. § 7341. We recognize that "arbitrators are the final judges of both law and fact, and an arbitration award is not subject to reversal for a mistake of either." *D'Amelia v. Toll Bros.*, 235 A.3d 321, 325 (Pa.Super. 2020) (citing *Dougherty*, 914 A.2d at 876-77 (citations omitted)).

In conjunction with this standard, our courts recognize that the "appellant bears the burden to establish both the underlying irregularity and the resulting inequity by clear, precise[,] and indubitable evidence." *McKenna v. Sosso*, 745 A.2d 1, 4 (Pa.Super. 1999) (internal citations omitted). In this context, "irregularity refers to the process employed in reaching the result of the arbitration, not the result itself." *Id*.

However, an award may be corrected if the arbitrator exceeds the scope of his or her authority. *Gargano v. Terminix Int'l Co., L.P.*, 784 A.2d 188, 193 (Pa.Super. 2001). "'The power and authority of arbitrators are wholly dependent upon the terms of the agreement of submission, and they cannot exercise authority as to matters not included therein, or validly determine the

dispute if they violate or act inconsistently with the terms of the submissions.'"

**Boulevard Associates**, 664 A.2d at 987 (*quoting* **Sley Sys. Garages v. Transportation Workers Union of Am.**, 178 A.2d 560, 561 (Pa. 1962)).

> By way of background,
>
> CASPA is a comprehensive statute enacted in 1994 to cure abuses within the building industry involving payments due from owners to contractors, contractors to subcontractors, and subcontractors to other subcontractors. The underlying purpose of CASPA is to protect contractors and subcontractors and to encourage fair dealing among parties to a construction contract. The statute provides rules and deadlines to ensure prompt payments, to discourage unreasonable withholding of payments, and to address the matter of progress payments and retainages. Under circumstances prescribed in the statute, interest, penalties, attorney's fees, and litigation expenses may be imposed on an owner, contractor, or subcontractor who fails to make payment to a contractor or subcontractor in compliance with the statute.

**El-Gharbaoui v. Ajayi**, 260 A.3d 944, 954 (Pa.Super. 2021) (citation and brackets omitted).

Specifically, Old York claims that the arbitrator had no authority to award Reeves attorneys' fees and penalties pursuant to CASPA when the parties' contract precluded the arbitrator from doing so. Old York relies on the following language in the contract:

> Judgment on Final Award. The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof. *However, no arbitrator(s) shall have the authority to enter an award of punitive damages or attorneys fees to either of the parties*.

Contract, § 21.9 (emphasis added).

- 12 -

Section 512(b) of the CASPA provides that "[*n*]*otwithstanding any agreement to the contrary*, the substantially prevailing party in any proceeding to recover any payment under this act *shall* be awarded a reasonable attorney fee in an amount to be determined by the court or arbitrator, together with expenses." 73 P.S. § 512(b) (emphasis added).

Based on this language, this Court has held that Section 512(b) clearly provides that attorneys' fees under CASPA cannot be waived by contract. **John B. Conomos, Inc. v. Sun Co. (R&M)**, 831 A.2d 696, 711 (Pa.Super. 2003) (finding Section 512(b) of CASPA "expressly provides that even in the event that the parties agree otherwise, attorneys' fees and expenses are not waiveable").

In comparison to the language relative to attorneys' fees, CASPA provides different language with respect to interest due on impermissibly delayed payments. Section 505(d) of CASPA allows the parties to contractually waive such interest:

> [*e*]*xcept as otherwise agreed by the parties*, if any progress or final payment to a contractor is not paid within seven days of the due date established in subsection (c), the owner shall pay the contractor, beginning on the eighth day, interest at the rate of 1% per month or fraction of a month on the balance that is at the time due and owing.

73 P.S. § 505(d) (emphasis added). This Court has held that Section 505(d) permits parties to "agree either to waive interest on untimely payments, or to accrue interest at a rate other than one percent." **Conomos**, 831 A.2d at 710.

On appeal, Old York asserts that the parties' contract does not seek to completely waive the award of attorneys' fees, but simply limits the authority of the arbitrator such that only the trial court would have power to award such fees. Thus, Old York argues that Reeves "was therefore obligated to seek recovery of attorneys' fees in the court of common pleas and not in arbitration." Old York's Brief, at 35. We disagree.

The trial court properly exercised its discretion in finding that "the "non-waiver provision of section [5]12(b) cannot be evaded by couching the waiver language in the form of a limitation on the authority of an arbitrator." Trial Court Opinion, 6/9/22, at 13. Section 512(b) states that "in any proceeding" under CASPA, the substantially prevailing party "*shall* be awarded an reasonable attorney fee in an amount to be determined by the court or *arbitrator*." 73 P.S. § 512(b) (emphasis added).

We agree that the statutory language set forth in Section 512(b) is controlling and must prevail over the language set forth in the contract. Thus, the trial court did not err in finding the arbitrator had the authority to award Reeves attorneys' fees notwithstanding the language in the parties' contract.

Likewise, we find no error in the trial court's decision to uphold the arbitrator's imposition of penalties against Old York pursuant to CASPA despite the contract's language stating that the arbitrator did not have authority to award "punitive damages" to either party. CASPA requires that penalties be imposed for failure to comply with its provisions:

> If *arbitration* or litigation is commenced to recover payment due under this act and it is determined that an owner, contractor or subcontractor has failed to comply with the payment terms of this act, *the arbitrator or court shall award*, in addition to all other damages due, *a penalty* equal to 1% per month of the amount that was wrongfully withheld.

73 P.S. § 512(a) (emphasis added).

Although Old York points out that Section 512(a) does not contain the clause "notwithstanding any agreement to the contrary" that appears in Section 512(b), Section 512(a) provides mandatory penalties that "shall" be imposed in arbitration against a party who has failed to comply with CASPA's payment terms. Section 512(a) does not contain any language allowing the parties to waive CASPA's penalties. Based on these distinctions, this Court held in **Conomos** that CASPA does not allow parties to contractually waive the penalties set forth in Section 512(a).[4]

Moreover, while the parties' contract states that the arbitrator cannot award "punitive damages" to either party, CASPA's civil penalties set forth in Section 512(a)(1) can be differentiated from punitive damages. As noted above, Section 512(a)(1) provides for a penalty equal to 1% per month of the amount that was wrongfully withheld pursuant to CASPA's terms. In

---

[4] CASPA was subsequently amended in 2018 to include a specific prohibition on the contractual waiver of its provisions. Section 503(c) of CASPA now provides that "[u]nless specifically authorized under this act, parties to a contract or other agreement may not waive a provision of this act by contract or other agreement." 73 P.S. § 503(c). This provision became effective on October 10, 2018, after the cause of action arose in this case. We need not discuss whether this amendment is relevant to this case, as Old York is not entitled to relief even without the application of this new law.

comparison, to seek punitive damages, a party has a higher burden to show "outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others. Punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." ***Sears, Roebuck & Co. v. 69th St. Retail Mall, L.P.***, 126 A.3d 959, 983 (Pa.Super. 2015) (citations, quotation marks, and brackets omitted).[5]

Accordingly, we conclude that the trial court did not abuse its discretion or commit an error of law in upholding the arbitrator's award of attorneys' fees and penalties pursuant to CASPA.

Lastly, Old York claims the trial court erred in awarding attorneys' fees incurred by Reeves's bankruptcy counsel as Old York claims that such fees were not incurred in the prosecution of this action. We disagree.

The issue of whether a substantially prevailing party should be awarded attorneys' fees under CASPA is within the trial court's discretion. ***Waller Corp. v. Warren Plaza, Inc.***, 95 A.3d 313, 316 (Pa.Super. 2014) (citation omitted). Thus, our standard of review of a trial court's decision to award attorneys' fees under CASPA is "whether the trial court palpably abused its discretion." ***Id***. (quoting ***Zimmerman v. Harrisburg Fudd I, L.P.***, 984 A.2d 497 (Pa.Super. 2009)).

---

[5] Old York makes no argument that the penalties set forth in CASPA constitute punitive damages at common law under this heightened standard, but baldly claims that the civil penalties set forth in CASPA can be referred to as punitive damages and suggests that terms can be used interchangeably.

Our review of the record shows that Reeves's pursuit of this action under CASPA in the lower court and its defense against Old York's petition in bankruptcy court are intertwined. In seeking to recover payment due when Old York failed to comply with the terms of CASPA, Reeves was forced to defend itself in bankruptcy court when Old York specifically sought to prevent the confirmation of the arbitrator's award in this case by filing a petition in the bankruptcy court.

We agree that it was reasonable for Reeves to retain bankruptcy counsel to handle the proceedings in bankruptcy court in order to recover on its claim pursuant to CASPA in this case. After the bankruptcy court issued its decision abstaining from ruling on Old York's adversary petition and deferring to the trial court on principles of comity, Reeves employed its bankruptcy counsel to address the trial court on Reeves's position on how to proceed.

As noted above, CASPA provides that "the substantially prevailing party *in any proceeding to recover any payment under this act* shall be awarded a reasonable attorney fee in an amount to be determined by the court or arbitrator." 73 P.S. 512(b) (emphasis added). As noted above, the purpose of CASPA is to make a contractor whole when it is forced to file litigation in order to recover payments that were unreasonably withheld under the Act. **El-Gharbaoui**, **supra**.

As the trial court determined that Reeves is the substantially prevailing party in this case, Section 512(b) requires that Reeves be awarded a reasonable attorney fee in its pursuit to recover payment under CASPA. Thus,

the trial court did not abuse its discretion in awarding Reeves attorneys' fees for its defense of the arbitrator's award in bankruptcy court.

For the foregoing reasons, we affirm the trial court's judgment in favor of Reeves and against Old York.

Judgment affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 4/13/2023*