J-A24032-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| INTERNATIONAL PROCESSPLANTS AND EQUIPMENT CORPORATION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| METRO INDUSTRIAL WRECKING AND ENVIRONMENTAL CONTRACTORS, INC. | : | No. 386 EDA 2023 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered January 11, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  221001596

BEFORE:  STABILE, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:              **FILED OCTOBER 12, 2023**

Metro Industrial Wrecking and Environmental Contractors, Inc. ("Metro") appeals from the order confirming an arbitration award against it and in favor of International ProcessPlants and Equipment Corporation ("IPP").[1]  Metro has also requested a continuance of the oral argument scheduled for this appeal.  We dismiss the appeal and deny Metro's motion for continuance as moot.

A summary of the underlying breach of contract dispute between IPP and Metro is unnecessary to our disposition.  We note that on September 14, 2022, an arbitrator found in favor of IPP and entered an award against Metro.

_____

[1] The record contains references to IPP with and without a space between "Process" and "Plants."  IPP refers to itself without using the space.  **See** IPP's Brief at 5.  We do the same.

Metro did not file a motion to vacate the arbitration award within thirty days of the award. Rather, IPP filed a motion to confirm the award on October 19, 2022.[2] Metro then filed a response in December 2022, and, for the first time, raised objections to the arbitration award. The trial court granted IPP's motion to confirm the arbitration award, and Metro timely appealed. Both Metro and the trial court complied with Pa.R.A.P. 1925. The trial court, in its Rule 1925(a) opinion, concluded that Metro waived all objections to the arbitration award by failing to object within thirty days of the award and, in any event, failed to state a basis to disturb the arbitrator's decision. **See** Trial Court Opinion, 5/31/23, at 3-4.

In this appeal, Metro's brief alleges improprieties in the arbitration proceedings and award. Before attempting to address the merits of Metro's

---

[2] Pennsylvania law establishes three types of arbitration by the agreement of the parties: (1) common law arbitration, **see** 42 Pa.C.S.A. §§ 7302(a), 7341-7342; (2) statutory arbitration under the Uniform Arbitration Act, **see** 42 Pa.C.S.A. §§ 7301-7320; and (3) statutory arbitration under the Revised Statutory Arbitration Act, **see** 42 Pa.C.S.A. §§ 7321.1-7321.31.

The parties and the trial court have discussed this matter as a common law arbitration. **See** Petition to Confirm Award of Arbitration, 10/19/22, at 1 (citing 42 Pa.C.S.A. § 7342(b)); Opposition to Petition to Confirm, 12/1/22, at 1 (citing 42 Pa.C.S.A. § 7341); Trial Court Opinion, 5/31/23, at 2-3 (discussing 42 Pa.C.S.A. § 7342(b)). This Court has noted that Revised Statutory Arbitration Act, "wind[s] down common law arbitration" in favor of statutory arbitration under the Revised Statutory Arbitration Act. **Foster v. Nuffer**, 286 A.3d 279, 285 n.3 (Pa. Super. 2022) (citation omitted). The Revised Statutory Arbitration Act governs an agreement to arbitrate made on or after the statute's July 1, 2019 effective date. **See** 42 Pa.C.S.A. § 7321.4(a). The contract giving rise to the underlying breach of contract claims and the agreement to arbitrate was dated November 2019. Therefore, the Revised Statutory Arbitration Act appears to govern.

arguments, we consider whether the defects in its brief require dismissal of the appeal.

Appellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may dismiss an appeal if the defects in the brief are substantial. *See Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017); *Karn v. Quick & Reilly Inc.*, 912 A.2d 329, 335 (Pa. Super. 2006). It is an appellant's duty to present arguments that are sufficiently developed for our review. An appellate brief must support its claims with pertinent discussion, references to the record, and citations to legal authorities. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007); *accord Jones v. Jones*, 878 A.2d 86, 91 (Pa. Super. 2005). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Coulter v. Ramsden*, 94 A.3d 1080, 1088 (Pa. Super. 2014) (citation omitted). If a deficient brief hinders this Court's ability to address any issue on review, the issue will be regarded as waived. *See id*. at 1088-89.

Metro's brief fails to comply with multiple rules of appellate procedure. It does not contain: a statement of jurisdiction (*see* Pa.R.A.P. 2111(a)(1)), a statement of both the scope of review and the standard of review (*see* Pa.R.A.P. 2111(a)(3)), a statement of the questions involved (*see* Pa.R.A.P. 2111(4)), a summary of argument (*see* Pa.R.A.P. 2111(a)(6)), or separate argument sections (*see* Pa.R.A.P. 2111 (a)(8)). Metro's brief begins with an opening paragraph followed by a "statement of the facts," which includes a

lengthy background of the underlying breach of contact.   Metro's Brief at unnumbered 1-25 (some capitalization omitted).   Metro provides minimal citations to the portions of the record that it attached to its brief as exhibits. **See id**.  Metro's brief then contains a "legal position to vacate the award[,]" which is devoid of any citations to any legal authorities.[3]  **Id**. at unnumbered 26-49.   Significantly, Metro's "legal position" contains no citations to the record.  **See** Pa.R.A.P. 2119(c) (providing that where the argument references evidence or other matter, it must set forth a reference to the place in the record where that matter may be found); Pa.R.A.P. 2119(d) (providing that where a finding of fact is argued, the argument must contain a synopsis of all evidence on the point, with a reference to the place in the record where the evidence may be found).  Metro fails to acknowledge the trial court's reasons for confirming the arbitration award, let alone argue error in the trial court's order.   This Court will not act as Metro's counsel by scouring through the record to find the evidence on which it relies and develop a meaningful argument.  **See Milby v. Pote**, 189 A.3d 1065, 1079 (Pa. Super. 2018); **accord Coulter**, 94 A.3d at 1088.

---

[3] Indeed, the only citations to legal authority in Metro's brief are Metro's certification pursuant to Pa.R.A.P. 2135, which governs the length of an appellate brief, and 42 Pa.C.S.A. § 7341, which relates to common law arbitration.

Given these deficiencies, this Court is unable to meaningfully review the issues Metro purports to raise.[4]  Accordingly, Metro's failure to conform with our appellate rule compels the dismissal of the appeal.  **See** Pa.R.A.P. 2101 (providing that "if the defects . . . in the brief . . .  are substantial, the appeal . . . may be . . . dismissed").  In light of our decision, we deny Metro's motion for a continuance as moot.

Appeal dismissed.  Motion for continuance denied as moot.

_____

[4] We add that we have reviewed the record, the parties' brief, and the relevant law and concur in the trial court's determination that Metro waived its objections to the arbitration award by failing to challenge it in a timely motion to vacate.  Both common law arbitration and statutory arbitration under the Revised Statutory Arbitration Act required Metro to file a motion to vacate the arbitration award within thirty days.  **See** 42 Pa.C.S.A. § 7321.24(b) (noting that pursuant to the Revised Statutory Arbitration Act, a motion to vacate an arbitration award must be filed thirty days after the moving party receives notice of the award or the basis of the challenge becomes known or should have been known to the movant); **E. Allen Reeves, Inc. v. Old York, LLC**, 293 A.3d 284, 292 (Pa. Super. 2023) (noting that pursuant to common law arbitration, "[a] party must raise alleged errors in the arbitration process in a timely petition to vacate or modify the arbitration award or the claims are forever waived") (citations omitted); **accord Moscatiello v. Hilliard**, 939 A.2d 325, 330 (Pa. 2007) (rejecting a claim that the Federal Arbitration Act preempted the Uniform Arbitration Act; noting a thirty-day limit for challenging an arbitration award is appropriate regardless of whether the agreement to arbitrate was governed by the common law or the Uniform Arbitration Act).  We recognize that the Revised Statutory Arbitration Act contains more flexible time limitations for filing a motion to vacate an arbitration award than common law arbitration.  **See** 42 Pa.C.S.A. §§ 7321.24(b) (codifying a discovery rule tolling the time to file a motion to vacate an arbitration award), 7321.25 (permitting a motion to modify or correct an award within ninety days on limited grounds under the Revised Statutory Arbitration Act).  However, Metro has not alleged any basis to apply these more flexible time limitations.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/12/2023