J-S40033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CRCP FOX CHASE HOLDINGS, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SUSTAIN AFTON, L.P. AND SUSTAIN JACKSON, L.P. | : | No. 209 EDA 2023 |
| | : | |

Appeal from the Order Entered December 19, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 221000807

| | | |
|---|---|---|
| CRCP FOX CHASE HOLDINGS, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SUSTAIN AFTON, L.P. AND SUSTAIN JACKSON, L.P. | : | |
| | : | |
| | : | No. 210 EDA 2023 |
| Appellant | : | |

Appeal from the Order Entered December 19, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 221000807

BEFORE:   NICHOLS, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED APRIL 9, 2024**

These matters are consolidated cross-appeals from an order of the Court

of Common Pleas of Philadelphia County (trial court) that denied the petition

of CRCP Fox Chase Holdings, LLC (CRCP) to vacate an arbitration award in

_____

[*] Retired Senior Judge assigned to the Superior Court.

favor of Sustain Afton, L.P. (Sustain Afton) and Sustain Jackson, L.P. (Sustain Jackson) (collectively, Claimants) and confirmed the award. CRCP appeals the denial of its petition to vacate the award and the confirmation of the award. Claimants cross-appeal from the trial court's denial of their request for attorney fees and costs in the litigation of CRCP's petition to vacate and their petition to confirm the award. For the reasons set forth below, we affirm the trial court's denial of the petition to vacate and its confirmation of the arbitration award but reverse its denial of attorney fees and costs.

This case arises out of two contracts for the sale of commercial real estate. On March 22, 2021, CRCP entered into a contract with Sustain Afton to purchase an apartment complex and related property on Rising Sun Avenue and Afton Street in Philadelphia (the Afton Property) from Sustain Afton for $10 million. CRCP-Sustain Afton Agreement for Sale of Commercial Real Estate (CRCP-SA Agreement); 3/22/21 Addendum to CRCP-SA Agreement (CRCP-SA Addendum). On March 26, 2021, CRCP and Sustain Afton modified that contract to reduce the purchase price to $9.6 million. 3/26/21 Addendum/Endorsement to CRCP-SA Agreement. On March 26, 2021, CRCP also entered into a contract with Sustain Jackon to purchase an apartment building on Jackson Street in Philadelphia (the Jackson Property) from Sustain Jackson for $1.4 million. CRCP-Sustain Jackson Agreement for Sale of Commercial Real Estate (CRCP-SJ Agreement); 3/26/21 Addendum to CRCP-SJ Agreement (CRCP-SJ Addendum). CRCP's contract with Sustain Afton

provided that closing was to occur on May 6, 2021 and that CRCP was to make two deposits of $250,000 each, one on signing of the agreement and the second at the end of a five-day due diligence period. CRCP-SA Agreement §§ 2, 3(A). CRCP's contract with Sustain Jackson provided that closing was to occur on May 13, 2021 and that CRCP was to make two deposits of $50,000 each, one within two days of signing the agreement and the second after a five-day due diligence period. CRCP-SJ Agreement §§ 2, 3(A).

Both contracts provided that CRCP's deposits would be refundable if CRCP terminated the contract on or before the expiration of the contingency period provided in the contract or in the event that the seller under the contract (Sustain Afton or Sustain Jackson) defaulted, but that Sustain Afton and Sustain Jackson were entitled to receive the deposits that CRCP made under their respective contracts as liquidated damages if CRCP defaulted. CRCP-SA Addendum §§ 2, 6; CRCP-SJ Addendum §§ 2, 6. The contracts further provided that receiving the deposits as liquidated damages was Sustain Afton's and Sustain Jackson's sole remedy in the event of a default by CRCP. CRCP-SA Agreement § 24(G); CRCP-SA Addendum § 6(b); CRCP-SJ Agreement § 24(G); CRCP-SJ Addendum § 6(b). Both contracts provided that they were governed by Pennsylvania law and contained an arbitration clause stating that the parties agreed to common law arbitration of "any dispute between them." CRCP-SA Agreement §§ 19(A), 25; CRCP-SA Addendum § 9; CRCP-SJ Agreement §§ 19(A), 25; CRCP-SJ Addendum § 9. Both contracts

additionally provided that "[i]n the event a claim is brought under this Agreement to enforce any of its terms, the parties agree that the substantially prevailing party shall be entitled to collect its reasonable attorneys' fees and costs from the other party." CRCP-SA Addendum § 9; CRCP-SJ Addendum § 9.

In May 2021, CRCP and Claimants agreed to amendments of both contracts extending the closing date to June 4, 2021. Amendment to CRCP-SA Agreement of Sale (CRCP-SA Amendment) ¶B(1); Amendment to CRCP-SA Agreement of Sale (CRCP-SJ Amendment) ¶B(1). These amendments provided that in consideration of the extension of the closing date, CRCP agreed that "any and all contingencies set forth in the Agreement of Sale with respect to the Property have been satisfied or are hereby waived by [CRCP]" and that CRCP was to make additional deposits of $50,000 under the CRCP-SA Agreement and $10,000 under the CRCP-SJ Agreement. CRCP-SA Amendment ¶B(2); CRCP-SJ Amendment ¶B(2).

CRCP breached both contracts by failing to close on the transactions. Interim Arbitration Award (Arbitration Award) at 7; CRCP Response to Petition to Confirm Arbitration Award ¶¶6, 10; N.T., 12/16/22, at 6. After CRCP's breach, Claimants sold the Afton Property and the Jackson Property to another buyer in October 2021 for $11 million and $1.5 million, respectively. Arbitration Award at 7. On January 13, 2022, Claimants filed an arbitration claim asserting that CRCP breached both contracts, seeking CRCP's total

deposits of $550,000 under the CRCP-SA Agreement and $110,000 under the CRCP-SJ Agreement as liquidated damages, and also seeking their attorney fees and costs. Following discovery, both CRCP and Claimants moved for summary disposition on the issue of whether Claimants were entitled to the deposits as liquidated damages for CRCP's breach of the contracts. The arbitrators heard oral argument on these cross-motions at which CRCP admitted that it was liable to Claimants for breach of the contract and argued that because Claimants sold the properties at a higher price shortly after CRCP's breach, the liquidated damages provisions of the contracts were an unenforceable penalty. Arbitration Award at 7, 9; CRCP Response to Petition to Confirm Arbitration Award ¶¶6, 10.

On July 11, 2022, the arbitrators issued an interim award rejecting CRCP's argument that the contracts' liquidated damages provisions were unenforceable, directing that the $550,000 in deposits under the CRCP-SA Agreement be paid to Sustain Afton, and directing that the $110,000 in deposits under the CRCP-SJ Agreement be paid to Sustain Jackson. Arbitration Award at 7-11. The arbitrators further permitted Claimants, as prevailing parties, to submit an application for reasonable attorney fees and costs. *Id.* at 11. Claimants filed an application for $96,272.50 in attorney fees and $23,034.70 in costs in litigating the arbitration and on September 19, 2022, the arbitration panel awarded Claimants $96,272.50 in attorney fees and $1,692.59 in costs. Counsel Fee Award at 1, 3. The arbitrators

issued the interim award and the counsel fee award as its final arbitration award on September 30, 2022.

On October 11, 2022, CRCP filed a petition to vacate the arbitration award asserting the award should be vacated because the arbitrators did not hold a hearing and because the arbitration panel's conclusion that the liquidated damages provisions were enforceable was contrary to Pennsylvania law. Petition to Vacate Arbitration Award ¶¶23-47. Claimants opposed CRCP's petition to vacate and moved to confirm the arbitration award. In their petition to confirm, Claimants also requested that the trial court permit them to file an application for attorney fees and costs and award them their reasonable attorney fees and costs. Petition to Confirm Arbitration Award ¶¶21-26.

Following oral argument on December 16, 2022, the trial court entered an order on December 19, 2022 denying the petition to vacate and confirming the arbitration award without awarding attorney fees and costs to Claimants. These timely cross-appeals followed.

CRCP in its appeal raises the following two issues: (1) whether the arbitration award must be vacated because the arbitrators failed to hold an evidentiary hearing and (2) whether the arbitration award must be vacated because liquidated damages are an unenforceable penalty under Pennsylvania law where they are disproportionate to the damages actually sustained by the non-breaching party. Neither of these arguments has merit.

The arbitration here was common law arbitration, as the parties in their contracts expressly agreed that the arbitration of their disputes "will be conducted in accordance with the provisions of Pennsylvania Common Law Arbitration 42 Pa. C.S.A. §7341 *et seq.*" CRCP-SA Agreement § 25; CRCP-SJ Agreement § 25. Court review of common law arbitration awards is very limited. *E. Allen Reeves, Inc. v. Old York, LLC*, 293 A.3d 284, 293 (Pa. Super. 2023); *F.J. Busse Co. v. Sheila Zipporah, L.P.*, 879 A.2d 809, 811 (Pa. Super. 2005); *McKenna v. Sosso*, 745 A.2d 1, 4 (Pa. Super. 1999). A common law arbitration award

> is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.

42 Pa.C.S. § 7341. The party challenging the arbitration award must prove grounds to set aside the award by clear, precise, and indubitable evidence. *E. Allen Reeves, Inc.*, 293 A.3d at 293; *Toll Naval Associates v. Chun-Fang Hsu*, 85 A.3d 521, 525 (Pa. Super. 2014); *McKenna*, 745 A.2d at 4.

CRCP's first issue ignores the record in this case. Failure to hold an evidentiary hearing can constitute grounds for vacating an arbitration award where the issue before the arbitrators involves disputed facts. 42 Pa.C.S. § 7341; *Andrew v. CUNA Brokerage Services, Inc.*, 976 A.2d 496, 502-03 (Pa. Super. 2009). Here, however, the arbitrators did not hold an evidentiary hearing because both parties sought summary disposition on the ground that the facts necessary to resolve the case were undisputed, and the arbitrators

- 7 -

held an oral argument at which the parties argued the legal issue that they both contended was dispositive. CRCP Response to Petition to Confirm Arbitration Award ¶¶6, 9, 10. CRCP admitted liability and the only fact on which CRCP based its contention that Claimants could not recover the liquidated damages that they sought, that Claimants suffered no damages because they resold the properties for $1.5 million more than they would have received under the contracts, was accepted by the arbitrators as undisputed. *Id.* ¶¶6, 10; Arbitration Award at 7, 9-10. Failure to hold an evidentiary hearing does not constitute a denial of a hearing or a ground to vacate an arbitration award where, as here, the issue before the arbitrators did not involve disputed facts and the party challenging the award sought to have the issue determined without an evidentiary hearing. *Toll Naval Associates*, 85 A.3d at 525-28; *Jefferson Woodlands Partners, L.P. v. Jefferson Hills Borough*, 881 A.2d 44, 50 (Pa. Cmwlth. 2005).

CRCP argues in its second issue that the arbitration award must be vacated because Pennsylvania law prohibits liquidated damages that are disproportionate to the actual damages caused by the breach of contract. Even if this argument were a correct statement of the law,[1] it would not be a

_____

[1] We do not hold that that CRCP's claim of legal error is meritorious. The primary case on which CRCP relies, *Holt's Cigar Co. v. 222 Liberty Associates*, 591 A.2d 743 (Pa. Super. 1991), involved liquidated damages that benefited only one party and did not limit the maximum damages that the non-breaching party could recover. In contrast, liquidated damages in

*(Footnote Continued Next Page)*

sufficient ground for vacating the arbitration award. In common law arbitration, the arbitrators are the final judges of the law and are not subject to reversal for erroneous legal rulings. *E. Allen Reeves, Inc.*, 293 A.3d at 293; *F.J. Busse Co.*, 879 A.2d at 811. Errors of law do not constitute irregularities and are not grounds for vacating a common law arbitration award. *Toll Naval Associates*, 85 A.3d at 529; *F.J. Busse Co.*, 879 A.2d at 811-12.

Rather, an irregularity that can support vacating an arbitration award must be an irregularity in the arbitrators' process of reaching their decision, not a deficiency in the result that they reach. *E. Allen Reeves, Inc.*, 293 A.3d at 293; *Toll Naval Associates*, 85 A.3d at 529; *F.J. Busse Co.*, 879 A.2d at 811. Here, there was no irregularity in the arbitrators' process of reaching the legal conclusion that the contracts' liquidated damages provisions were not unenforceable penalties. The arbitrators' award shows that they considered and applied Pennsylvania law. Arbitration Award at 7-10. CRCP's complaint concerning the arbitrators' application of the law challenges the

---

real estate contracts, like those here, that both provide damages to the non-breaching party and limit the breaching party's liability, have been upheld based solely on reasonableness in relation to the purchase price. *Palmieri v. Partridge*, 853 A.2d 1076, 1080-81 (Pa. Super. 2004); *Kraft v. Michael*, 70 A.2d 424, 426-27 (Pa. Super. 1950) (liquidated damages of 10% of purchase price held enforceable despite averment that the property was later sold for more than the amount that buyers had agreed to pay for it). We need not, however, resolve this legal issue, as CRCP would not have grounds to vacate the arbitration award even if its legal position were correct.

result that the arbitrators reached and is solely a claim of error of law, and therefore cannot be a valid ground for vacating the award. ***Toll Naval Associates***, 85 A.3d at 529; ***F.J. Busse Co.***, 879 A.2d at 811-12.

In its cross-appeal, Claimants argue that the trial court erred in denying them attorney fees and costs incurred in this litigation following the arbitrators' fee award. We agree.

Where the parties agree in their contract that the losing party shall reimburse the prevailing party for its attorney fees and costs, the prevailing party is entitled to recover from the losing party its reasonable attorney fees and costs in enforcing its rights under the contract. ***McMullen v. Kutz***, 985 A.2d 769, 776-77 (Pa. 2009); ***Bert Co. v. Turk***, 257 A.3d 93, 116-18 (Pa. Super. 2021), ***aff'd***, 298 A.3d 44 (Pa. 2023). In addition, a party that has a right to attorney fees on an arbitrated claim may recover the reasonable attorney fees that it incurred in successfully litigating petitions to vacate and to confirm the award in the court proceedings on those petitions. ***E. Allen Reeves, Inc.***, 293 A.3d at 296.

The contracts here provided that the prevailing party is entitled to collect its reasonable attorney fees and costs from the other party. CRCP-SA Addendum § 9; CRCP-SJ Addendum § 9. There is no question that Claimants were the prevailing parties in the proceedings following the arbitrators' fee award, as the petition to vacate the arbitration award was denied and petition to confirm the arbitration award was granted. The trial court, however,

- 10 -

awarded Claimants no attorney fees or costs on the sole ground that awarding them "additional attorney fees was not equitable under the circumstances." Trial Court Opinion at 6. That was error. While a court of common pleas has discretion to determine the reasonableness of the attorney fees that a party seeks, where a party is contractually entitled to attorney fees, refusal to award any attorney fees without consideration of the fees incurred or whether they were reasonable for the work in litigating the matter is a reversible abuse of that discretion. ***Vinculum, Inc. v. Goli Technologies, LLC***, 310 A.3d 231, 242, 244-45, 248 (Pa. 2024).

We therefore must reverse the trial court's denial of attorney fees and costs and remand with instructions that it permit Claimants to submit evidence of their attorney fees and costs, permit CRCP to object to and challenge the reasonableness of those fees and costs, and make an award of attorney fees and costs that it determines to be reasonable based on the parties' submissions and the nature of the work required. Because Claimants are also prevailing parties in these appeals, the submissions and award shall also include Claimants' reasonable attorney fees and costs incurred in these appeals.

For the foregoing reasons, we conclude that CRCP did not show any sufficient ground for vacating the arbitration award and that the trial court therefore did not err in denying its petition to vacate the award and in granting Claimants' petition to confirm the award. We conclude, however, that the trial

court abused its discretion in failing to make any award of attorney fees and costs to Claimants and remand for the trial court to receive evidence of Claimants' attorney fees and costs and make an award to Claimants of reasonable attorney fees and costs incurred in this litigation subsequent to the arbitrators' fee award, including their reasonable attorney fees and costs in this appeal.

Order affirmed. Case remanded for further proceedings in accordance with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/9/2024