J-A01001-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| E. ALLEN REEVES, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OLD YORK, LLC, JEFFREY COHEN, | : | No. 2996 EDA 2024 |
| AND METROPOLITAN PROPERTIES | : | |
| OF AMERICA, INC. | : | |

Appeal from the Order Entered September 20, 2024
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2023-22189

BEFORE:  DUBOW, J., KUNSELMAN, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED FEBRUARY 6, 2026**

Appellant, E. Allen Reeves, Inc., appeals from the September 20, 2024 order entered in the Montgomery County Court of Common Pleas dismissing Appellant's complaint, concluding that the federal bankruptcy court had continuing jurisdiction over the financial dispute between Appellant and Appellees, Old York, LLC, Jeffrey Cohen, and Metropolitan Properties of America, Inc.  After careful consideration, we affirm.

The financial dispute between Appellant and Appellees arose from a 2015 construction contract pursuant to which Appellant agreed to serve as a general contractor to Appellees for the construction of a building ("the Property").

In February 2017, Appellant filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code in the United Stated Bankruptcy Court for

the Eastern District of Pennsylvania at Docket No. 17-11354-AMC. In September 2017, the Bankruptcy Court entered an order confirming a reorganization plan filed by Appellant ("Reorganization Plan"). Importantly, the Reorganization Plan provided that the Bankruptcy Court "shall retain jurisdiction," *inter alia*, "to determine any and all disputes arising under or in connection with the . . . collection or recovery of any assets" and "to determine any and all proceedings for recovery of payments pursuant to any Cause of Action[.]" Appellees' Prelim. Objections, 5/14/24, Exh. 2 (Reorganization Plan, Article XII, ¶ 12.1(c), (g)).[1]

On November 17, 2017, Appellant filed a complaint in the Montgomery County Court of Common Pleas against Appellees, Old York, LLC and Metropolitan Properties of America, Inc., alleging breach of the 2015 construction contract, at Docket No. 2017-27160. In February 2018, the Montgomery County court stayed the case pending binding arbitration, which resulted in an award in favor of Appellant.

After Appellant filed a petition in Montgomery County court to confirm the arbitration award, Appellee Old York sought relief in Bankruptcy Court by filing an adversary proceeding challenging, *inter alia*, Appellant's standing to bring the breach of contract action. In December 2021, the Bankruptcy Court

_____

[1] While Appellant does not address this language directly, it does not dispute the inclusion of the language in the Reorganization Plan and indeed, attaches to its brief the Bankruptcy Court's recent order reiterating the relevant language. Appellant's Br., Exh. B (**In re E. Allen Reeves, Inc.,** Docket No. 17-11354-AMC, Order at ¶ 3 (Bankr. E.D. Pa. dated May 6, 2025) ("Bankruptcy Court's May 6, 2025 Order")).

"abstained from hearing this matter . . ., citing comity with state courts and respect for state law." *E. Allen Reeves, Inc. v. Old York, LLC*, 293 A.3d 284, 290 (Pa. Super. 2023).

On March 7, 2022, the Montgomery County court confirmed the arbitration award and entered judgment in favor of Appellant against Appellees for $216,155.42 ("Arbitration Award"). Appellee Old York appealed to this Court, challenging, *inter alia*, Appellant's standing, but Appellee did not raise issues relating to the state court's jurisdiction pursuant to the Reorganization Plan. *Id.* at 291-92. This Court affirmed the order confirming the Arbitration Award.

On April 5, 2022, Appellant filed a complaint in Bankruptcy Court against Appellees and Washington York 2021, LLC, at Docket No. 22-00031-AMC, claiming that Appellees fraudulently transferred the Property to Washington York 2021 in August 2021 "to frustrate [Appellant's] collection efforts on the [Arbitration Award]."[2] Appellant's Br. at 5; *see also* Bankruptcy Court's May 6, 2025 Order at ¶ 11. Appellant sought to pierce the corporate veil of Appellee Old York and raised claims that Appellees committed civil conspiracy and violated the Pennsylvania Uniform Voidable Transactions Act, 12 Pa.C.S.

---

[2] Appellant asserted, *inter alia*, that the Bankruptcy Court had jurisdiction pursuant to 28 U.S.C. § 1334(b), which provides that district courts in bankruptcy cases "shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11[.]" 28 U.S.C.A. § 1334(b). Appellant averred that the matter was "related to [Appellant's] Chapter 11 Bankruptcy Proceeding, currently pending" in the Bankruptcy Court. Appellees' Prelim. Objections, 5/14/24, Exh. 4 (Appellant's Bankruptcy Court Complaint, 4/5/22, at ¶ 7).

§§ 5104(a)(1)-(2) and (b) and 5105. On August 17, 2023, the Bankruptcy Court granted Appellees' motion for judgment on the pleadings and dismissed all of Appellant's counts. Appellant did not appeal the federal court decision.

Instead, on October 5, 2023, Appellant filed the instant action against Appellees raising the same counts that it presented in the Bankruptcy Court action. Specifically, Appellant sought to pierce the corporate veil to collect the Arbitration Award and claimed violations of the Pennsylvania Uniform Voidable Transactions Act, 12 Pa.C.S. § 5104(a)(1)-(2) and (b) and 5105, and civil conspiracy.[3]

Appellees filed preliminary objections claiming, *inter alia*, that the Montgomery County court lacked subject matter jurisdiction based on the Reorganization Plan, which vested jurisdiction in the Bankruptcy Court over claims involving the collection of Appellant's assets. In its Answer to the Preliminary Objections, Appellant baldly asserted that "the Bankruptcy Court does not have sole jurisdiction over the claim." Appellant's Answer to Prelim. Objections, 6/3/24, at ¶¶ 80-81 (some capitalization omitted).

On September 20, 2024, the trial court sustained Appellees' preliminary objections and dismissed Appellant's claims.[4] Specifically, the Court concluded that the Bankruptcy Court had "full and continuing jurisdiction over

---

[3] Appellant initially included a claim for unjust enrichment but later amended its complaint to omit that count.

[4] The court stated that it did not address Appellees' preliminary objections based on *res judicata* and collateral estoppel as they "are affirmative defenses to be raised in [n]ew [m]atter." Trial Ct. Op., 12/6/24, at 5 n.6.

the financial disputes set forth in the Amended Complaint." Trial Ct. Op. at 3. The court relied on the "clear language" in the Reorganization Plan providing that the Bankruptcy Court "shall retain jurisdiction to determine all disputes arising in connection with the collection or recovery of any assets and to determine any and all proceedings for recovery of payments for any cause of action." *Id.* at 4 (citation omitted). The court opined that Appellant's claims "clearly" fell within that retained jurisdiction as Appellant sought to recover assets. *Id.* Moreover, the court observed that the Bankruptcy Court had already entered judgment on these "exact same claims[,]" opining that Appellant "is not entitled to have these claims decided again in a different forum when the Bankruptcy Court has already retained jurisdiction of the claims asserted[.]" *Id.* at 4, 5.

On October 16, 2024, Appellant filed a notice of appeal. Appellant and the trial court complied with Pa.R.A.P. 1925.

This Court issued a Rule to Show Cause ordering Appellant to obtain an order from the Bankruptcy Court. On May 6, 2025, the Bankruptcy Court entered an order opining that the instant appeal was not subject to the statutory "automatic stay of proceedings in bankruptcy" as such stays apply only to proceedings "**against** the debtor[,]" whereas this case involved a proceeding brought **by** Appellant, the debtor. Bankruptcy Court's May 6, 2025 Order at ¶ 19 (citing 11 U.S.C. § 362(a)) (emphasis in original). Thus, the Bankruptcy Court concluded that the instant appeal could proceed. *Id.* at ¶ 20. Accordingly, we proceed to address the issue raised in this appeal.

- 5 -

Appellant raises the following issue on appeal:

Whether the trial court erred as a matter of law in entering the September 20, 2024[] order sustaining Appellees' preliminary objections and dismissing the underlying action?

Appellant's Br. at 2 (some capitalization omitted).

"Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law." *Am. Interior Constr. & Blinds Inc. v. Benjamin's Desk, LLC*, 206 A.3d 509, 512 (Pa. Super. 2019) (citation omitted). Accordingly, our "standard of review is *de novo*, and the scope of review is plenary." *Elite Care, Rx, LLC v. Premier Comp Solutions., LLC*, 296 A.3d 29, 31 (2023) (*en banc*) (citation omitted). A trial court should grant preliminary objections challenging subject matter jurisdiction only when "it is clear and free from doubt that the complainant will be unable to prove facts legally sufficient to establish a right to relief." *Id.* (citation omitted). Moreover, we "must accept as true all well-pleaded, material, and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts." *Id.* (citation omitted).

Appellant claims that the Montgomery County court erred in dismissing its claims. Appellant's Br. at 8-12. Appellant provides minimal argument in response to the trial court's conclusion that the Bankruptcy Court retained

jurisdiction over these claims pursuant to the Reorganization Plan.[5]  Indeed, Appellant does not address the relevant language of the Reorganization Plan or provide any legal precedent disputing the trial court's conclusion that the Bankruptcy Court retained jurisdiction.  Instead, Appellant relies upon the Bankruptcy Court's May 6, 2025 Order, which it contends "confirm[ed that] the trial court properly retains jurisdiction in this matter for purposes of [Appellant] attempting to collect on the underlying judgment."  Appellant's Br. at 8 (some capitalization omitted), 11-12.  Appellant claims that because the prior "action to collect on the Arbitration Award in favor of [Appellant] was permitted to proceed in the trial court previously, it should have been permitted in the underlying action."  *Id.* at 11 (some capitalization omitted).

We reject Appellant's argument as the Bankruptcy Court's May 6, 2025 Order did not address the trial court's jurisdiction but, rather, opined that the instant appeal in this Court could proceed because it did not implicate the statutory automatic stay related to federal bankruptcy proceedings.  Moreover, the Bankruptcy Court expressly stated that it took "no position" on the issues raised in this appeal, which address whether the state court correctly concluded that jurisdiction over Appellant's claims remained in the Bankruptcy Court pursuant to the language of the Reorganization Plan.  Bankruptcy Court's May 6, 2025 Order at ¶ 20.

_____

[5] Instead, Appellant sets forth law regarding the reviewability of arbitration awards, which has no relevance to the issue on appeal.  Appellant's Br. at 9-10.

After careful considerations, we conclude that the trial court did not err in reading the plain language of the Reorganization Plan as providing for the Bankruptcy Court's retention of jurisdiction over Appellant's claims as they involve "disputes arising . . in connection with the . . . collection or recovery of any assets" of Appellant. Reorganization Plan, Article XII ¶ 12.1(c). Accordingly, the trial court did not err in dismissing Appellant's complaint.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/6/2026